**Richard H. JENNEY and Judy Harden Jenney, Appellees,**

v.

**UNITED STATES of America, Appellant.**

**CA No. 84–5949.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 1985.

Decided March 18, 1985.

Christopher Ashworth, Garfield, Tepper & Ashworth, Los Angeles, Cal., for appellees.

Gary Allen, Dept. of Justice, Washington, D.C., for appellant.

* Hon. Gus D. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

Before BOOCHEVER and BEEZER, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, Senior District Judge:

Taxpayers filed an action to challenge a $500 civil penalty imposed against them by the Internal Revenue Service (IRS) for claiming a "conscience deduction" in their 1982 federal income tax return. The district court granted summary judgment in favor of taxpayers, 581 F.Supp. 1309, and the government appealed. We reverse.

*Facts*

Taxpayers, husband and wife, timely filed a joint 1982 federal income tax return on Form 1040. They reported total income of $56,679. On a Schedule A attached to the return, taxpayers reported itemized deductions of $24,382. Schedule A referred to "Supplement # 2," which listed miscellaneous deductions, the largest of which, labelled a "conscience deduction," was $18,044. Taxpayers attached a statement to explain the deduction:

> Dear Friends,
>
> Included among our miscellaneous deductions, we are listing a Conscience Deduction of $18,044 in order to bring our tax liability down to $5,273 which is 44% of what we would owe without such a deduction. We are claiming this deduction out of a conscientious objection to war and to preparations for war. The War Resisters League states that 44% of the 1982 federal budget went for non-military purposes. We are quite willing to pay that part of our taxes. However, as a result of our religious convictions (we are both Quakers), personal beliefs (nonviolence, pacifism) and professional judgment (we are both clinical psychologists) we are unwilling to support the current insane government course of action which not only condones murder but also threatens human extinction.
>
> This reduction in our taxable income will produce a sizable refund to us. Without the deduction, we owe the Internal Revenue Service $1,082. With it, we will receive a refund of $5,617. We will place the refund and the $1,082 in the Conscience and Military Tax Campaign Escrow Account for a World Peace Tax Fund. When Congress passes the WPTF bill the money will be transferred to the World Peace Tax Fund.

The "conscience deduction" reduced taxpayers' tax liability to $5,273, which they reported on line 59. The return indicated withholding of $10,890 (line 60). Taxpayers sought a refund of $5,617 (line 69), the amount they claimed to have overpaid (line 68), which is the difference between $5,273 and $10,890.

The IRS concluded that the reported tax liability was not only incorrect but also frivolous and assessed a $500 penalty against taxpayers under section 6702 of the Internal Revenue Code. This section provides:

> § 6702. Frivolous income tax return.
>
> (a) Civil penalty.—If—
>
> (1) any individual files what purports to be a return of the tax imposed by subtitle A but which—
>
> (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
>
> (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and
>
> (2) the conduct referred to in paragraph (1) is due to—
>
> (A) a position which is frivolous, or
>
> (B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,
>
> then such individual shall pay a penalty of $500.

26 U.S.C. § 6702(a).

Taxpayers paid fifteen percent of the penalty and filed for a refund under section

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

6703(c). They asserted that the frivolous income tax return provision (section 6702) did not apply. The IRS disagreed; it denied the refund.

Taxpayers brought this action in the district court. They assert that their return contains a correct self-assessment within the meaning of section 6702 because the attached statement shows their correct tax liability without the "conscience deduction." The district court held that the return did not fall within a strict construction of section 6702(a)(1); it did not reach the issue of frivolity under 6702(a)(2). The court denied the government's motion for summary judgment and granted taxpayers' motion for summary judgment.

The government asserts that the term "self-assessment" as used in section 6702 refers to the amount of tax reported on line 59, and that the taxpayer must report the correct tax due on that line in order to avoid the $500 penalty.

### Standard of Review

■ The facts of this case are uncontested. We review de novo the district court's grant of summary judgment to determine whether taxpayers are entitled to prevail as a matter of law. *Heiniger v. City of Phoenix,* 625 F.2d 842, 843 (9th Cir.1980).

### Discussion

The legislative history of the Tax Equity and Fiscal Responsibility Act of 1982 discusses the returns which Congress considered to be within the scope of section 6702:

> [T]he penalty could be imposed against any individual filing a "return" showing an incorrect tax due, or a reduced tax due, because of the individual's claim of a clearly unallowable deduction, such as ... a "war tax" deduction under which the taxpayer reduces his taxable income or shows a reduced tax due by that individual's estimate of the amount of his taxes going to the Defense Department budget, etc. *In contrast, the penalty will not apply if the taxpayer shows the correct tax due but refuses to pay the*

*tax. In such a case, of course, the Secretary can assess and collect the tax immediately.*

S.Rep. No. 494, 97th Cong., 2d Sess. 278, *reprinted in* 1982 U.S.Code Cong. & Ad. News 781, 1024 (emphasis added).

The district court relied on the italicized language of the Senate Report and not the statement that the section 6702 penalty applies when the taxpayer claims "a clearly unallowable deduction."

■ The legislative history of section 6702 clearly indicates that the $500 penalty is applicable to a taxpayer who claims a "conscience" or "war tax" deduction, unless the taxpayer reports the correct amount due but refuses to pay. The first issue we must decide is whether the taxpayer must report on line 59 the correct tax due or whether the taxpayer can avoid the $500 penalty by reporting the correct self-assessment in an exhibit, letter or attachment.

■ Section 6702 does not define "self-assessment," but the legislative history indicates that the penalty applies if the document "contains information that on its face indicates that *the amount of tax shown on the return* is substantially incorrect." S.Rep. No. 494, 97th Cong., 2d Sess. 277, *reprinted in* 1982 U.S.Code Cong. & Ad. News 781, 1024 (emphasis added). In our view, the term "self-assessment" refers to the amount of tax liability reported on the face of the return and not to the amount reported in attached statements or explanations, because the purpose of our tax system of self-assessment "is not alone to get tax information in some form but also to get it with such uniformity, completeness, and arrangement that the physical task of handling and verifying returns may be readily accomplished." *Commissioner v. Lane-Wells Co.,* 321 U.S. 219, 223, 64 S.Ct. 511, 513, 88 L.Ed. 684 (1944).

The taxpayers did not enter on lines 59 and 67 the correct amount due and explained in their attached statement their refusal to pay because of their objection to war. Had they done so, section 6702 would

not apply because the self-assessment would be accurate. Instead, taxpayers filed a return which "contains information that on its face indicates that the self-assessment is substantially incorrect." 26 U.S.C. § 6702(a)(1).

The other requirement of section 6702 is that the taxpayer take "a position which is frivolous" or indicate a desire to impede the administration of the tax laws. 26 U.S.C. § 6702(a)(2).

The First and Third Circuits recently decided identical cases and concluded that the section 6702 penalty applies when taxpayers claim a war tax deduction on the return and attach an explanatory statement. *Welch v. United States,* 750 F.2d 1101 (1st Cir.1985); *Kahn v. United States,* 753 F.2d 1208 (3d Cir.1985). In *Kahn,* the court noted that "[t]he test for frivolousness is purely an objective one, under which we must evaluate the taxpayer's position in terms of its legal underpinnings." *Kahn,* at 1214.

 There is no provision in the Internal Revenue Code for a war tax deduction or credit, and taxpayers have no constitutional right to refuse to pay federal taxes because of their anti-war sentiments. *Autenrieth v. Cullen,* 418 F.2d 586 (9th Cir. 1969), *cert. denied,* 397 U.S. 1036, 90 S.Ct. 1353, 25 L.Ed.2d 647 (1970). Moreover, Congress specifically identified war tax deductions as a target of the section 6702 penalty. Taxpayers' assertion that they may claim a war tax deduction is frivolous within the meaning of section 6702.

The district court's order granting summary judgment in favor of taxpayers is reversed, and the case is remanded with instructions to grant summary judgment in favor of the government.