**Daniel R. HUDSON, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 84–1782.**

United States Court of Appeals, Ninth Circuit.

Submitted April 26, 1985.[*]

Decided July 19, 1985.

---

* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 3(f) and Fed.R.App.P. 34(a).

Daniel R. Hudson, in pro. per.

Carleton D. Powell, Washington, D.C., for defendant-appellee.

Before BROWNING, Chief Judge, KENNEDY and NORRIS, Circuit Judges.

PER CURIAM.

Daniel Hudson filed a 1982 tax return containing only his name, address, social security number, filing status, and number of exemptions. He responded to all other questions on the return with "Object," "None," or "0," stating that answers to these questions would "have a tendency to incriminate me of any ambiguous and false non tax related crime." The Commissioner assessed a $500 frivolous return penalty under Section 326(a) of the Tax Equity and Fiscal Responsibility Act (TEFRA), 26 U.S.C. § 6702 (1982). Hudson brought this action for refund. The district court granted summary judgment for the Commissioner. We affirm.

■ The Commissioner did not err in rejecting appellant's fifth amendment claim and finding his return frivolous. "To invoke the fifth amendment privilege, the taxpayer must be faced with substantial hazards of self-incrimination that are real and appreciable, and must have reasonable cause to apprehend such danger." *Edwards v. Commissioner*, 680 F.2d 1268, 1270 (9th Cir.1982) (per curiam). Appellant offered no specific basis for his claim of privilege. His statement that the information requested could be used "to build a false and malicious case against" him if he had supplied false financial information to a federal agency to obtain benefits, did not constitute a " 'positive disclosure' indicating where the danger lies." *McCoy v. Commissioner*, 696 F.2d 1234, 1236 (9th Cir.1983) *quoting United States v. Neff*, 615 F.2d 1235, 1240 (9th Cir.1980).

The district court did not improperly "dismiss" the case without trial. It correctly granted a properly supported summary judgment motion. The government demonstrated that the section 6702 penalty was properly imposed and appellant was obliged to respond with evidence creating a genuine issue of a relevant fact. Fed.R. Civ.P. 56(c). He failed to do so since he offered no evidence from which it might appear that his reasons for failing to properly fill out his return were other than frivolous.

■ Appellant's asserted good faith is irrelevant. Section 6702 does not require the government show the taxpayer's conduct was "willful." *Compare Garner v. United States*, 424 U.S. 648, 663 n. 18, 96 S.Ct. 1178, 1187 n. 18, 47 L.Ed.2d 370 (1976) (good faith is a defense to liability under section 7203 which proscribes willful conduct); *cf. Edwards*, 680 F.2d at 1271 n. 2 (taxpayers not protected from liability for willful neglect by unreasonable "[r]eliance on their misguided constitutional beliefs").

■ The Commissioner did not act arbitrarily in assessing a penalty against appellant. Appellant's return did not "contain information on which the substantial correctness of the self-assessment may be judged." I.R.C. § 6702(a)(1)(A). Appellant attempted to justify his conduct by "a position which is frivolous," *id.* § 6702(a)(2)(A), because "there is no argument on either the law or the facts to support it." *Kahn v. United States*, 753 F.2d 1208, 1214 (3d Cir.1985). This court had already rejected the position appellant asserted. *Edwards*, 680 F.2d at 1270.

■ The Commissioner did not violate the Administrative Procedure Act, 5 U.S.C. § 552(a)(1)(D) (1982), by failing to publish guidelines in the Federal Register as to conduct that violates section 6702. Guidelines were unnecessary to give appellant notice that his actions violated the law. "[T]he assessment of this civil penalty [against him] is only the direct application of the plain terms of the statute supported by unambiguous legislative history." *Kahn*, 753 F.2d at 1223 n. 8.

■ Appellant raises a host of constitutional objections to section 6702, all of which have been rejected by this or other courts. TEFRA's enactment did not violate the Origination Clause, U.S. Const.Art. I, § 7. *Harris v. United States*, 758 F.2d 456, 458 (9th Cir.1985). TEFRA does not violate appellant's first amendment rights. The penalty was not assessed "for express-

**1292**

ing [his] political, moral or religious beliefs on [his] return ... [but] because [he] filed [a] return containing substantially incorrect self-assessments." *Welch v. United States,* 750 F.2d 1101, 1108 (1st Cir.1985). Even if appellant's conduct were entitled to first amendment protection, it is "sufficiently outweighed by the broad public interest in maintaining a sound and administratively workable tax system." *Kahn,* 753 F.2d at 1217. TEFRA does not violate the seventh amendment right to a jury trial because the seventh amendment does not apply to actions against the United States. *McCoy,* 696 F.2d at 1237. TEFRA does not violate due process by failing to provide a hearing before assessment of a penalty, because the taxpayer is entitled to "eventual full judicial review" and suffers no irreparable injury by the delay. *Kahn,* 753 F.2d at 1217–22. *See also Phillips v. Commissioner,* 283 U.S. 589, 595, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931). TEFRA is not a bill of attainder, because it penalizes conduct rather than membership in a group. *See Communist Party v. Subversive Activities Control Board,* 367 U.S. 1, 82–88, 81 S.Ct. 1357, 1402–1406, 6 L.Ed.2d 625 (1961). Finally, TEFRA is not an ex post facto law with respect to 1982 tax returns, because TEFRA became effective in September 1982, and appellant's 1982 tax return was not filed until 1983.

▮ Appellant cannot challenge on vagueness grounds TEFRA's imposition of a penalty for filing a "frivolous" return because appellant's own conduct was clearly proscribed by the statute and his fifth amendment claim had already been rejected by this court. *Boday v. United States,* 759 F.2d 1472, 1475 (9th Cir.1985).

▮ This court has discretion to impose attorney fees and single or double costs as sanctions when an appeal is frivolous. *DeWitt v. Western Pacific Railroad Co.,* 719 F.2d 1448, 1451 (9th Cir. 1983); *Edwards,* 680 F.2d at 1271. This appeal is frivolous. We award attorney fees and double costs to appellee.

AFFIRMED.