Elizabeth S. McKEE, Appellant,

v.

UNITED STATES of America, Appellee.

Deborah GIBBS, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 85–1015(L), 85–1214.

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1985.

Decided Jan. 21, 1986.

---

Norman B. Smith, Greensboro, N.C., for appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, and Lisa A. Prager, Attys., Tax Div., Dept. of Justice, Washington, D.C., Kenneth W. McAllister, U.S. Atty., Greensboro, N.C., for appellee.

Before PHILLIPS and MURNAGHAN, Circuit Judges, and HOFFMAN, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

WALTER E. HOFFMAN, Senior District Judge:

These cases are consolidated on appeal from orders of the United States District Court for the Middle District of North Carolina, granting summary judgment to the government on plaintiffs' tax refund suits. The appeal questions the applicability of 26 U.S.C. § 6702 to the factual situations presented and further questions the constitutionality of the statute itself. We affirm the judgments of the district court, holding that 26 U.S.C. § 6702 is a constitutional statute which is applicable to the 1983 tax returns filed by appellants McKee and Gibbs.

## FACTS

Plaintiff taxpayers, Elizabeth McKee and Deborah Gibbs, both filed 1983 federal income tax returns (Form 1040) on which they claimed credits based on their estimates of the share of their taxes allocated to defense spending. McKee altered line 42, labeled "foreign tax credit," so that it became "foreign war tax credit." McKee then claimed a credit of $561.66 on line 42 and again on line 48 (total credits). Based on the "foreign war tax credit," McKee computed her total tax as $956.34 (line 56). She reported an overpayment of $2,009.03 (line 65). Instead of requesting a refund of the full amount of overpayment, McKee requested $1,447.37, the amount that would have been shown as an overpayment had McKee not claimed the "foreign war tax credit." On line 67, McKee altered the words "Amount of line 65 to be applied to

your 1984 estimated tax" so that the line subsequently read, "Amount of line 65 to be spent on social service." On line 65, McKee then entered $561.66, the amount of credit claimed on lines 42 and 48. Further, McKee attached to her return a letter, in which she explained her objection to defense spending and her request that the $561.66 allocated thereto be used instead for social services.

Deborah Gibbs entered "CMTC ESCROW ACCT" at line 48 of her 1983 federal income tax return and took a credit of $248.80 on that line. This entry reduced the total tax shown on line 56 and increased both the overpayment shown on line 65 and the refund requested on line 66. Gibbs attached an explanatory letter to her return. In the letter, she noted that she believed that 40% of her tax liability would be allocated to military expenditures. Gibbs requested a refund of 40% of her tax liability, which she alleged she would deposit into the "Conscience and Military Tax Campaign Escrow Account for a World Peace Tax Fund."

The Internal Revenue Service (IRS) assessed a $500.00 penalty against both McKee and Gibbs, pursuant to 26 U.S.C. § 6702. Each taxpayer paid 15% of the penalty ($75.00) and filed a claim for a refund with the IRS pursuant to 26 U.S.C. § 6703(c). The refund claims contended that the penalties were improperly assessed and that § 6702 was unconstitutional. The IRS denied the refund claims, whereupon McKee and Gibbs brought separate suits in the district court for recovery of their payments.

The district court granted the government's motion for summary judgment, accepting the argument that the taxpayers' self-assessments were substantially incorrect because both McKee and Gibbs had claimed an unallowable war tax credit. The court also held that the returns were bound by § 6702, a statute which does not violate a taxpayer's constitutional rights. The taxpayers appeal the granting of the summary judgments. We affirm the judgments of the district court.

## STANDARD OF REVIEW

The facts of this case are uncontested. We review de novo the district court's grant of summary judgments to determine whether taxpayers are entitled to prevail as a matter of law. *Jenney v. United States of America*, 755 F.2d 1384, 1386 (9th Cir. 1985); *Heiniger v. City of Phoenix*, 625 F.2d 842, 843 (9th Cir.1980).

## DISCUSSION

### Applicability of 26 U.S.C. § 6702

The legislative history of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) reflects Congressional intent regarding the scope of § 6702:

> [T]he penalty could be imposed against any individual filing a "return" showing an incorrect tax due, or a reduced tax due, because of the individual's claim of a clearly unallowable deduction, such as ... a "war tax" deduction under which the taxpayer reduces his taxable income or shows a reduced tax by that individual's estimate of the amount of his taxes going to the Defense Department budget, *etc.*

S.Rep. No. 494, 97th Cong., 2d Sess. 278, *reprinted in* 1982 U.S.Code Cong. & Ad. News 781, 1024. This excerpt from the legislative history of § 6702 clearly indicates that a penalty is applicable to a taxpayer who claims a "war tax" deduction.

The statute 26 U.S.C. § 6702 provides:

Frivolous income tax return.

(a) Civil penalty.—If—

(1) Any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) The conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of federal income tax laws,

then such individual shall pay a penalty of $500.

(b) Penalty in addition to other penalties. —The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

This section of the Internal Revenue Code (IRC) was enacted as a part of TEFRA specifically to improve compliance with federal laws. *See* S.Rep. No. 494, 97th Cong., 2d Sess. 278, *reprinted in* 1982 U.S.Code Cong. & Ad.News 781, 1023. The provision was enacted in response to the recent activities of various tax protest movements across the country. Congress provided for the immediate assessment of a civil penalty of $500 to deter the specific threat to the integrity of the self-assessment system posed by such tax protestors.

■ McKee and Gibbs each reduced the amount of total tax liability reported on her 1983 return by claiming a war tax credit. Section 6702 clearly applies to such actions, as explained in the excerpt from the legislative history, *supra*. Taxpayers are required to self-assess according to 26 U.S.C. § 6011. *Commissioner v. Lanc-Wells Co.,* 321 U.S. 219, 223, 64 S.Ct. 511, 513, 88 L.Ed. 684 (1944). By claiming patently improper war tax credits and thereby reducing the tax liabilities that they were required to self-assess, both McKee and Gibbs filed returns containing "information that on its face indicates that the self-assessment is substantially incorrect." 26 U.S.C. § 6702(a)(1)(B).

The appellants argue that their returns and self-assessments were not substantially incorrect. In support of their position, the taxpayers note their intentions to pay the correct tax owed and assert that the deviations which they describe as "minor" were not "patently improper." Although the taxpayers completed their Forms 1040 in slightly different ways, those differences are insignificant in the application of 26 U.S.C. § 6702 to both cases. Contrary to the taxpayers' contentions, whether their conduct resulted in an actual loss of revenue to the government is irrelevant. Both McKee and Gibbs submitted substantially incorrect returns in 1983.

Taxpayers' contentions that their returns were not filed in a "patently improper" manner are erroneous. As previously noted, the legislative history of § 6702 is poignantly clear that a reduction in the amount of reported tax liability based upon opposition to defense spending is a specific type of protest filing that Congress intended to counteract with this statute. *See* S.Rep. No. 494, *supra* at 278. Because the correct liability is not reported on returns such as those submitted by McKee and Gibbs, the Commissioner cannot process the returns by normal administrative procedures. Returns such as those involved here are identified as calling for adjustment and are pulled for manual processing. Thus, as the district court correctly noted in regard to McKee, one single line on the Form 1040 is not *the* line of self-assessment; filling out the entire form correctly is the exercise of self-assessment. McKee and Gibbs have failed in their duty to comply with regulations. *See Lane-Wells Co.,* 321 U.S. at 223, 64 S.Ct. at 513.

The taxpayers are in no way exonerated by the explanatory letters which they attached to their tax returns and in which they explained the bases of their computations. In *Jenney,* 755 F.2d at 1386, the Ninth Circuit rejected the use of explanatory attachments to modify a tax return that was substantially incorrect. Citing *Lane-Wells Co.,* 321 U.S. at 223, 64 S.Ct. at 513, the court in *Jenney* correctly points out that the purpose of our tax system of self assessment is not only to get tax information but also to receive that information arranged uniformly and completely so that the handling and verifying of returns are facilitated. In *Jenney,* the taxpayers claimed a "conscience deduction" and computed their tax liability accordingly on their tax returns. The court held that the attached letter of explanation did not alter the fact that the self-assessment on the

return itself was substantially incorrect and that the penalty imposed under 26 U.S.C. § 6702 was correctly applied. *Id.* at 1387. *Accord, Welch v. United States,* 750 F.2d 1101 (1st Cir.1985); *Kahn v. United States,* 753 F.2d 1208 (3d Cir.1985).

■■■ *Jenney, Welch,* and *Kahn* also address the § 6702 requirement that the taxpayer's position is frivolous. McKee and Gibbs contend that because their actions were not outrageous but were instead motivated by sincere conscientious beliefs, the court should not find their actions frivolous. We agree with the reasoning in *Kahn,* 753 F.2d at 1214, that the test for frivolousness is an objective one, under which we must evaluate a taxpayer's position in terms of its legal underpinnings. Neither the holding of sincere religious beliefs nor the expression of anti-war sentiments is a frivolous action. However, to take a position which indicates a desire to impede the administration of tax laws is a legally frivolous action. It is the latter which McKee and Gibbs have done. Therefore, the penalty provision of 26 U.S.C. § 6702 is directly applicable to them.

### Constitutionality of 26 U.S.C. § 6702

■■■ McKee and Gibbs contend that 26 U.S.C. § 6702 violates their First Amendment rights to free speech, to free exercise of religion, to petition for a redress of grievances; additionally they allege that the statute is vague. Without justification, the taxpayers rely on a familiar line of Supreme Court cases which set forth tests for determining First Amendment freedoms: *Thomas v. Review Board, Indiana Employment Security Division,* 450 U.S. 707, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981); *Wisconsin v. Yoder,* 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); *Sherbert v. Verner,* 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963). As the government brief correctly asserts, First Amendment challenges to Section 6702 have been consistently rejected by the courts. *See, e.g., Carey v. United States,* 765 F.2d 138 (4th Cir.1985); *Welch v. United States,* 750 F.2d 1101 (1st Cir.1985); *Kahn v. United*

*States,* 753 F.2d 1208 (3d Cir.1985); *Jenney v. United States,* 755 F.2d 1384 (9th Cir. 1985); *Franklet v. United States,* 578 F.Supp. 1552, 1556-57 (N.D.Cal.1984); *Drefchinski v. Regan,* 589 F.Supp. 1516, 1524-27 (W.D.La.1984); *Harper v. United States,* 587 F.Supp. 1056, 1058 (E.D.Pa. 1984); *Scull v. United States,* 585 F.Supp. 956, 961 (E.D.Va.1984); *Bearden v. Commissioner,* 575 F.Supp. 1459 (D. Utah 1983). Concurring with these precedents and upholding the judgments of the district court we reject each of the McKee's and Gibbs' constitutional arguments.

For the reasons given in the foregoing paragraphs, the judgments of the district court are AFFIRMED.