Martin S. BRADLEY, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 85–2445.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 1987.

Decided May 22, 1987.

Susan Sher, Ukiah, Cal., for plaintiff-appellant.

Roger M. Olsen, Michael L. Paup, Gary R. Allen, and Bruce R. Ellisen, Washington, D.C., for defendant-appellee.

Before CHOY, Senior Circuit Judge, GOODWIN and TANG, Circuit Judges.

CHOY, Senior Circuit Judge:

Martin Bradley appeals the district court's grant of summary judgment in favor of the Government, upholding a $500 frivolous return penalty assessed by the Internal Revenue Service ("IRS") against Bradley pursuant to I.R.C. § 6702.[1] This appeal raises the novel question of whether a section 6702 penalty may be assessed against an individual who, though not legally obligated to file a tax return or pay tax, submits a Form 1040 to the IRS which states that no tax will be paid for reasons of conscience. We conclude that a section 6702 penalty may be assessed in such a situation, and therefore affirm the district court's grant of summary judgment.

## BACKGROUND

On April 15, 1984, Bradley submitted a Form 1040 to the IRS. Bradley printed his name, address, and social security number at the top of the form, and dated and signed the bottom. In large letters across the face of the form, Bradley wrote: "In

---

1. All references herein to the Internal Revenue Code are to the Internal Revenue Code of 1954.

watching the U.S. Governments [sic] intervention in Central America and the deployment of omnicidal nuclear weapons, I can no longer be complicit by paying taxes. My allegiance is to the law of a higher spirit, the law of God." Bradley provided no other information on the form. In a letter attached to the form, Bradley wrote: "I am filing my 1040 form, just as I have in years past, but this time I am not including information on my income." [2] The letter also contained an antiwar message.

On June 22, 1984, the IRS sent a letter to Bradley stating: "We cannot accept the Form 1040 ... we received from you.... We find it does not contain information that the law requires you to give, and it does not comply with certain Internal Revenue Code requirements." The IRS enclosed two blank tax return forms for Bradley's "convenience in filing a proper return."

On July 30, 1984, the IRS sent Bradley a notice stating that Bradley had filed a frivolous return in violation of section 6702, and that a $500 penalty was being assessed. Pursuant to section 6703(c), Bradley paid 15 percent of the penalty ($75) and filed a request for reconsideration with the IRS. The IRS denied the request and Bradley filed suit in U.S. District Court, seeking a judgment abating the $500 penalty and refunding the $75 prepayment. The district court granted the Government's motion for summary judgment and on June 19, 1985, entered a judgment dismissing Bradley's action.

Bradley timely appeals.

## ANALYSIS

We review de novo the district court's grant of summary judgment. *Jenney v. United States,* 755 F.2d 1384, 1386 (9th Cir.1985). Viewing the evidence in the light most favorable to Bradley, we must determine whether the district court correctly found that no genuine issue of material fact existed and that the Government was entitled to judgment as a matter of law. *See Boday v. United States,* 759 F.2d 1472, 1474 (9th Cir.1985).

### I. *Applicability of Section 6702 to Bradley's Form 1040*

Section 6702 was enacted in order to curb the proliferation of protest returns received by the IRS.[3] Section 6702(a) provides that if:

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

In the case at issue, the Government contends that: 1) Bradley's Form 1040 purports to be a tax return, 2) the Form 1040 does not contain information on which the substantial correctness of the self-assessment can be judged, and 3) the Form 1040 takes a frivolous position. In order to prevail, the Government must meet its burden of proving *all three* of these elements. *See* I.R.C. § 6703(a). A tax provision

---

**2.** In reality, Bradley was not required to submit a tax return to the IRS because his income during 1983 was less than $3300. *See* I.R.C. § 6012(a)(1)(A)(i).

**3.** The Senate Finance Committee explained:

The committee is concerned with the rapid growth in deliberate defiance of the tax laws by tax protestors. The Internal Revenue Service had 13,600 illegal protest returns under exami-

nation as of June 30, 1981.... The committee believes that an immediately assessable penalty on the filing of protest returns will help deter the filing of such returns, and will demonstrate the determination of the Congress to maintain the integrity of the income tax system.

S.Rep. No. 494, 97th Cong., 2d Sess. 277, *reprinted in* 1982 U.S. Code Cong. & Admin. News 781, 1023–24.

which imposes a penalty is to be construed strictly; a penalty cannot be assessed unless the words of the provision plainly impose it. *Commissioner v. Acker*, 361 U.S. 87, 91, 80 S.Ct. 144, 147, 4 L.Ed.2d 127 (1959).

We have repeatedly approved the assessment of a section 6702 penalty for purported tax returns which claim "conscience" or "war tax" deductions. *See, e.g., Franklet v. United States*, 761 F.2d 529 (9th Cir. 1985); *Jenney*, 755 F.2d 1384. Bradley's case is distinguishable from these cases because his gross income was less than $3300 during 1983, and therefore Bradley was not required to submit a tax return. *See* I.R.C. § 6012(a)(1)(A)(i). Thus his Form 1040 does not claim any frivolous *deductions*. Nevertheless, we conclude that the IRS properly assessed a section 6702 penalty against Bradley.

A. *Does Bradley's Form 1040 "Purport" to Be a Tax Return?*

■ A section 6702 penalty may not be assessed unless the submission at issue "purports" to be a tax return. Bradley's Form 1040 meets this requirement. The form submitted by Bradley is labeled "U.S. Individual Income Tax Return." In addition, Bradley signed the statement at the end of the form affirming that he had "examined this return," and that to the best of his knowledge it was complete and correct. Bradley wrote nothing on the form itself or on the accompanying letter indicating that the form was not to be treated as a return. Bradley's Form 1040 cannot be considered to be merely a protest letter to the IRS.

■ The fact that Bradley owed no tax and was not required to file a return does not affect this conclusion. Bradley gave no indication to the IRS that he was not required to file a return. Indeed, the letter attached to the 1040 form states that Bradley was "filing his 1040 form, just as [he had] in years past. . . ."

■ That Bradley left the line items of the Form 1040 blank also does not affect our determination; section 6702 penalties can be assessed in response to a 1040 form which leaves all of the line items blank. *See Fuller v. United States*, 786 F.2d 1437, 1439 (9th Cir.1986); S.Rep. No. 494, 97th Cong., 2d Sess. 278, *reprinted in* 1982 U.S. Code Cong. & Admin. News 781, 1024 ("The penalty will be immediately assessable against any individual filing a 'return' in which many or all of the line items are not filled in except for references to spurious constitutional objections."); *cf. Jolly v. United States*, 764 F.2d 642, 643–44 (9th Cir.1985) (treating as a purported return a Form 1040 in which taxpayer supplied name and address, but refused to supply occupation, social security number, or any financial information).

Bradley argues that his Form 1040 does not purport to be a tax return because a blank tax form does not constitute a "tax return" for the purposes of various code provisions which set forth criminal and civil penalties.[4] He also contends that the IRS did not treat the Form 1040 as a return. For example, in asking Bradley to submit a "proper return," the IRS letter of June 22, 1984, indicates that Bradley's Form 1040 was not accepted as a return. Bradley's argument that his Form 1040 does not constitute a tax return does not affect our decision. Section 6702 requires only that the document filed *purport* to be a tax return, not that it actually be a tax return. *Nichols v. United States*, 575 F.Supp. 320, 322 (D.Minn.1983).

B. *Does Bradley's Form 1040 Contain Information on which the Substantial Correctness of the Self-Assessment May Be Judged?*

■ The second element of the Government's argument is that Bradley's Form 1040 does not "contain information on which the substantial correctness of the self-assessment may be judged." I.R.C. § 6702(a)(1)(A). A taxpayer who refuses to

---

4. For example, a tax form with blank line items does not constitute a tax return for the purpose of a I.R.C. § 7203 criminal penalty. *See, e.g.,* *United States v. Long,* 618 F.2d 74, 76 & n. 3 (9th Cir.1980).

provide any financial information on his or her Form 1040 is deemed to have made a self-assessment that no tax is due. *See Fuller*, 786 F.2d at 1439. Bradley accordingly states that his self-assessment is in fact correct. Nevertheless, even assuming that Bradley's self-assessment is "substantially correct" within the terms of section 6702, the Form 1040 does not contain information on which this substantial correctness can be judged. Rather, it contains no financial information at all. The Government has clearly met its burden of proving the second element of the section 6702 penalty assessment. *See Hudson v. United States*, 766 F.2d 1288, 1291 (9th Cir.1985).

### C. *Does Bradley's Form 1040 Take a Frivolous Position?*

The third element of the Government's argument is that Bradley's Form 1040 takes "a position which is frivolous." I.R.C. § 6702(a)(2)(A). The test for frivolousness is purely an objective one. *Jenney*, 755 F.2d at 1387. A position taken in a tax return is frivolous when the position has no basis in fact or law. *See Hudson*, 766 F.2d at 1291; *Kahn v. United States*, 753 F.2d 1208, 1214 (3d Cir.1985).

Bradley contends that his position is not frivolous because he was not required to fill out his Form 1040 or pay tax. Under I.R.C. § 6011, persons "required to make a return ... shall include therein the information required by [IRS] forms or regulations." However, Bradley was not required to make a return because he earned less than $3300 in 1983. *See* I.R.C. § 6012(a)(1)(A)(i).

Therefore, Bradley argues, his position has some basis in law.

█ Although Bradley had a legal justification for not filling out his Form 1040 or paying tax, there is no legal justification for the position he *actually* takes on his Form 1040. Clearly the Internal Revenue Code does not permit taxpayers to refuse to pay tax because of their antiwar sentiments. *Jenney*, 755 F.2d at 1387. Such a refusal is frivolous. *Id.* Section 6702 would not apply if Bradley had instead indicated on his Form 1040 that, because his income was less than $3300, he was not required to pay tax. The Government has met its burden of showing that, under the circumstances in this case, Bradley's Form 1040 takes a frivolous position.[5]

To hold otherwise would frustrate Congress's intent to reduce the administrative burden on the IRS from handling forms which "are clearly not designed to inform the [IRS] of the filer's taxable income and are not in processible form." S.Rep. No. 494, 97th Cong., 2d Sess. 278, *reprinted in* 1982 U.S. Code Cong. & Admin. News 781, 1024. Tax forms such as Bradley's, filed by taxpayers who are not required to file returns, necessarily impose an administrative burden because the IRS has no way of knowing from the form itself whether the taxpayer is required to file a return.[6]

### II. *First Amendment*

### A. *Freedom of Expression*

Bradley's argument that assessment of a section 6702 penalty against him violates

---

5. Parenthetically, we note that the Government may impose a section 6702 penalty if a purported return reflects "a desire (which appears on the purported return) to delay or impede the administration of the Federal income tax laws." I.R.C. § 6702(a)(2)(B). While we hold that Bradley's Form 1040 is "frivolous" under section 6702(a)(2)(A), section 6702(a)(2)(B) may contain an equally accurate description of Bradley's Form 1040.

6. We acknowledge that the legislative history states that "the penalty will not apply if the taxpayer shows the correct tax due but refuses to pay the tax." S.Rep. No. 494, 97th Cong., 2d Sess. 278, *reprinted in* 1982 U.S. Code Cong. & Admin. News 781, 1024; *see also Jenney*, 755 F.2d at 1386 (section 6702 penalty is applicable to a taxpayer who claims a "conscience" deduc-

tion unless the taxpayer reports the correct amount due but refuses to pay). Bradley's Form 1040 is deemed to contain a self-assessment of zero, *see Fuller*, 786 F.2d at 1439, which is the "correct tax due." However, we believe that Congress intended this language to apply only to a taxpayer who, unlike Bradley, completely and correctly reports the tax due by filling out the appropriate line items on his or her tax return, thereby enabling the IRS to dispose of the matter simply by mailing a deficiency notice to the taxpayer. *See* S.Rep. No. 494, 97th Cong., 2d Sess. 278, *reprinted in* 1982 U.S. Code Cong. & Admin. News 781, 1024 (where taxpayer shows correct tax due but refuses to pay, "the [IRS] can assess and collect the tax immediately").

the first amendment right to freedom of expression is without merit. Similar first amendment arguments have been repeatedly rejected. *See, e.g., Hudson,* 766 F.2d at 1291; *Kahn,* 753 F.2d at 1214–17; *Franklet v. United States,* 578 F.Supp. 1552, 1556–57 (N.D.Cal.1984), *aff'd,* 761 F.2d 529 (9th Cir.1985).

■ Section 6702 does not violate the right to free speech because it penalizes a taxpayer's *conduct* of filing a return based on a frivolous position, not the *expression* of views. *See Hudson,* 766 F.2d at 1291–92; *Kahn,* 753 F.2d at 1217. Bradley's case is distinct from *Hudson* and *Kahn* because Bradley was not obligated to report his tax liability, and his 1040 form does not inadequately supply any *required* financial information. Rather, Bradley's purported return contains little more than a political message voluntarily submitted to the IRS. Nevertheless, it is clear that the penalty at issue was assessed in response to the submission of a frivolous and administratively burdensome purported return. This is a penalty on conduct, not expression. The words Bradley wrote on his Form 1040 and the attached letter merely serve to show that Bradley's conduct is based on a frivolous position.

■ Even assuming that Bradley's actions contain enough communicative or speech elements to be entitled to first amendment protection, a first amendment interest can be overridden by an important government interest unrelated to the suppression of free expression. *See United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968); *see also id.* at 376, 88 S.Ct. at 1678–79. ("when 'speech' and 'nonspeech' elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms"). In the con-

text of section 6702, the Government's compelling interest in maintaining a sound and administratively workable tax system justifies the alleged restriction on free expression. *See Hudson,* 766 F.2d at 1292; *Franklet,* 578 F.Supp. at 1556.

Bradley notes that an override of a first amendment interest can occur only where "the incidental restriction on alleged First Amendment freedoms is no greater than is *essential* to the furtherance of that interest." *O'Brien,* 391 U.S. at 377, 88 S.Ct. at 1679 (emphasis added). Bradley observes that, since his penalty was assessed, the IRS has implemented a new policy for treating frivolous returns where the claimed deduction or credit is less than the $500 penalty. Under this policy, the IRS informs the taxpayer of the penalty, and gives the taxpayer 30 days to file a corrected return. *See* Internal Revenue Manual § 4293.7(5). Thus, Bradley argues, the procedure applied to his case was more restrictive of his first amendment interest than was "essential."

This argument is unpersuasive. The availability of more lenient treatment than Bradley received does not automatically render section 6702 unconstitutional. Under Bradley's argument, the new IRS policy would also be unconstitutional because, for example, a 35–day period to correct a frivolous return would be even less "restrictive" of first amendment freedoms than the current 30–day period. We agree with the court in *Franklet* that section 6702 is "narrowly tailored" and "modest and closely focused." *Franklet,* 578 F.Supp. at 1556–57.[7]

**B.  *Right to Petition***

■ Bradley's argument that his section 6702 penalty violates the first amendment right to petition the Government for redress of grievances is also without merit. Section 6702 in no way hinders individuals

---

**7.** Bradley discusses the new IRS policy mainly in the context of his argument that section 6702 is not narrowly tailored to a compelling government interest. However, Bradley also states that this policy should be retroactively applied to his case. This claim is without merit. The Internal Revenue Manual does not state that the policy is to apply retroactively, and Bradley presents no legal justification for applying it retroactively to his case. *Cf. United States v. Horne,* 714 F.2d 206, 207 (1st Cir.1983) (adherence by IRS to provisions of Internal Revenue Manual is not mandatory).

from complaining to any governmental official about the way taxes are spent. *Kahn,* 753 F.2d at 1223 n. 8; *Welch v. United States,* 750 F.2d 1101, 1110 (1st Cir.1985); *Franklet,* 578 F.Supp. at 1556.

## CONCLUSION

Bradley's Form 1040 purports to be a tax return, lacks information on which the substantial correctness of the self-assessment may be judged, and takes a frivolous position. Therefore the IRS properly assessed a section 6702 penalty against Bradley. Bradley's first amendment claims are without merit. We accordingly AFFIRM the district court's grant of summary judgment in favor of the Government. Bradley's request for costs and attorney's fees is denied.