131 F.3d 146
 80 A.F.T.R.2d 97-8006
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pennel Phlander IRWIN, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 97-70213.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 21, 1997.
 
 Appeal from the United States States Tax Court, No. 23534-94.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pennel Phlander Irwin appeals pro se the tax court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") determination of deficiencies in his federal income taxes and additions to tax for the tax years 1990, 1991 and 1992. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We review the tax court's conclusions de novo and its factual findings for clear error. See Condor Int'l, Inc. v. Commissioner, 78 F.3d 1355, 1358 (9th Cir.1996). We affirm.
 
 
 3
 Irwin's contention that the tax court erred by placing the burden of proof on him to substantiate his claimed deductions is without merit. There is a presumption of correctness in the Commissioner's deficiency determinations, see Palmer v. IRS, 116 F.3d 1309, 1312 (9th Cir.1997), and the taxpayer bears the burden to substantiate any claimed deductions, see Talley Indus. Inc. v. Commissioner, 116 F.3d 382, 387 (9th Cir.1997).
 
 
 4
 Irwin's contention that being required to substantiate deductions related to his writing was a prior restraint in violation of the First Amendment lacks merit. Since the Commissioner's actions requiring Irwin to adequately substantiate his claimed business deductions were pursuant to Internal Revenue statutes of general applicability which furthered substantial public interests, the First Amendment has not been violated. See Branzburg v. Hayes, 408 U.S. 665, 682-83 (1972); see also Bradley v. United States, 817 F.2d 1400, 1405 (9th Cir.1987) (stating that the alleged First Amendment interest is not protected when there is a compelling government interest in maintaining sound and administratively workable tax system). For these reasons, Irwin's contention that 26 U.S.C. §§ 274 and 6103 are unconstitutional is also without merit.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4. Further, appellee's motion for imposition of sanctions is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3