

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2007

# Powers v. Comm IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3906

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Powers v. Comm IRS" (2007). 2007 Decisions. Paper 53.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/53

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-59                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3906
_____

FERNANDO POWERS,
                                        Appellant

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-2391)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2007
Before: SLOVITER, FISHER and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 17, 2007)
_____

OPINION
_____

PER CURIAM

Fernando Powers, proceeding <u>pro</u> <u>se</u>, brought this action against the Internal

Revenue Service ("IRS"), challenging the IRS's determination of his tax liability for

2001, and its imposition of a penalty, without adequate notice, for filing a frivolous tax

return in 2002. In his complaint, Powers seeks a declaratory judgment that either he is beyond the reach of the government's taxation power, or he is a "slave" to the federal government. The District Court granted the government's summary judgment motion, denied Powers' summary judgment motion, and dismissed the complaint. This appeal followed. We will dismiss the appeal pursuant to 18 U.S.C. § 1915(e)(2)(B) because it lacks arguable legal merit.

We provide only a brief summary of the facts, as they are set forth at length in the District Court's opinion. Powers filed a tax return for 2002 that contained all zeroes, accompanied by an explanation that wages are not taxable "income" because they did not derive from corporate activity. Def.'s Supp. Mot. Summ J., Ex. 16 (Powers' 2002 tax return). On July 7, 2005, the IRS notified Powers by certified mail that the agency had filed for a federal tax lien for collection of unpaid income taxes for 2001 and for a $500.00 penalty for filing a frivolous tax return in 2002. The letter notified Powers that he had a right to a collection due process hearing. Powers timely requested a hearing. Darryl K. Lee, a Settlement Officer with the Pennsylvania Appeals Office of the IRS, informed Powers by letter that a telephone hearing was scheduled for March 30, 2006, at 10:30 a.m. Lee explained that Powers, who had offered only "tax protester" arguments to-date, had 15 days in which to respond with a description of legitimate issues to be discussed if he wanted a face-to-face hearing. Lee followed up by letter dated March 23, 2006, explaining that Powers was not entitled to a face-to-face hearing because he had

failed to submit a written list of legitimate issues for discussion. Lee subsequently called Powers at the appointed time, but Powers could not be reached. Lee then sent a letter to Powers notifying him that Powers' failure to participate in the telephone hearing meant that Powers' claim would be decided based on the information already provided. Lee, however, also gave Powers 14 days to submit additional material for consideration. After hearing nothing from Powers, the IRS issued notices of collection on May 5, 2006.

The District Court construed the complaint as a request for judicial review and determined that: (1) it lacked jurisdiction over Powers' challenge to the IRS's tax liability determination for 2001; (2) the IRS properly exercised its discretion in imposing a penalty for a frivolous tax return for 2002; and (3) Powers received adequate notice of the penalty and an opportunity to participate in the collection due process hearing.

The District Court correctly determined that it lacked jurisdiction to the extent that Powers sought to challenge the underlying tax liability determination for 2001. Under 26 U.S.C. § 6330(d)(1), a person may appeal an IRS determination of tax liability to the Tax Court within 30 days of such determination. The Tax Court has exclusive jurisdiction over such appeals, and therefore, the District Court lacked jurisdiction.

The District Court, however, had jurisdiction to review the IRS's imposition of a frivolous tax return penalty. 26 U.S.C. § 6703(c)(2); see Van Es v. C.I.R., 115 T.C. 324, 328-29 (2000) (Tax Court lacked jurisdiction to review frivolous tax return penalty). The District Court applied an abuse of discretion standard and concluded that the IRS had not

abused its discretion in imposing a penalty. See Living Care Alternatives of Utica, Inc. v. U.S., 411 F.3d 621, 626 (6th Cir. 2005) (noting that statute does not specify a standard of review, but legislative history suggests abuse of discretion applies to all IRS decisions other than determinations of underlying tax liability). We agree. Powers' 2002 tax return, which contains all zeroes and disputes the government's power to tax wages and other forms of "income," is entirely frivolous. See Bradley v. U.S., 817 F.2d 1400, 1402-1404 (9th Cir. 1987) (frivolous tax penalty sustained against tax protester who made self-assessment that no tax was due, but who provided no information from which the IRS could judge whether self-assessment was substantially correct). Accordingly, we endorse the District Court's ruling and find that Powers' appeal as to this claim is frivolous.

We also find no basis for Powers' claim that the IRS did not provide him adequate notice of the penalty. Although the IRS imposed the penalty without a formal hearing, the due process hearing need not be face-to-face when the person challenging the penalty relies entirely on frivolous arguments.[1] 26 C.F.R. § 301.6330-1(d)(2)(A-D6). As the District Court explained, the IRS scheduled a telephonic hearing, in which Powers declined to participate; the IRS gave him further opportunities to submit non-frivolous

[1]The District Court also correctly determined that Powers was not entitled to injunctive or declaratory relief as to the frivolous tax return penalties, and that Powers' motions for summary judgment, discovery sanctions, and a more definite statement from the IRS lacked merit. Powers contends that either he is immune from the tax laws, or he is a "slave" to the federal government. This false choice is a creature of Powers' tax protester ideology, not the laws of this Republic.

4

arguments, which he rejected.

For the above-stated reasons, we will dismiss the appeal pursuant to 18 U.S.C. § 1915(e)(2).