JERRY LEE VANDAGRIFF, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vandagriff v. Comm'r
Docket No. 18647-11.
United States Tax Court
2011 U.S. Tax Ct. LEXIS 55; 2012-2 U.S. Tax Cas. (CCH) P50,427; November 3, 2011, Entered
*55 Petitioner Counsel, Pro se.
For Respondent: Darnold, Ann Louise, Oklahoma City, OK; Downs, H. Elizabeth H., Chief Counsel - IRS.
John O. Colvin, Chief Judge.
John O. Colvin
ORDER OF DISMISSAL AND DECISION
On July 18, 2011, respondent issued a notice of deficiency to petitioner determining a deficiency in and additions to his Federal income taxes for 2008. Petitioner did not file a return for 2008. Respondent determined that petitioner failed to report nonemployee compensation of $100,343.00 and capital gains of $35,000.00. Respondent determined that petitioner is liable for an income tax deficiency of $41,561.00 and additions to tax of $9,351.23 under section 6651(a) (1), $5,195.13 under section 6651(a)(2), and $1,335.60 under section 6654(a).[1]
On August 11, 2011, petitioner filed with the Court a timely petition for redetermination contesting the above-referenced notice of deficiency. In the petition, petitioner does not address any of the items of income or the imposition of additions to tax. Instead, petitioner only makes legal arguments and refers *56 to various legal authorities and alleges that respondent failed to publish certain regulations in the Federal Register.
On September 29, 2011, respondent filed a Motion To Dismiss For Failure to State a Claim Upon Which Relief Can be Granted and To Impose a Penalty Under I.R.C. § 6673. By Order dated September 30, 2011, petitioner was directed to file an objection, if any, to respondent's motion to dismiss and was allowed to file a proper amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiencies and separate statements of every fact upon which the assignments of error are based. On October 21, 2011, petitioner filed a 65-page Opposition to respondent's Motion To Dismiss For Failure to State a Claim Upon Which Relief Can be Granted and To Impose a Penalty Under I.R.C. § 6673, repeating the allegations contained in the petition, and adding numerous irrelevant arguments and citing authorities out of context. Petitioner did not file an amended petition. In his opposition, petitioner does not address any of the items of income which are the basis for the proposed deficiency. Petitioner only makes legal arguments suggesting *57 that provisions of the Tax Code must be implemented by regulation before being effective.
Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiencies and the additions to tax and/or penalties in dispute. Rule 34(b) (5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982).
The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, the petition and amended petition contain nothing but frivolous and groundless arguments. Taxpayers' claims that provisions of the Tax Code must be implemented by regulation before being effective have been consistently rejected by the courts. See, e.g., Hudson v. United States, 766 F.2d 1288, 1291 (9th Cir. 1985) (assessment of civil penalties for frivolous returns); Welch v. United States, 750 F.2d 1101, 1110-11 (1st Cir. 1985) *58 (same); Kahn v. United States, 753 F.2d 1208, 1222 n.8 (3d Cir. 1985) (same); Granse v. United States, 892 F. Supp. 219, 224-25 (D. Minn. 1995) (determination of tax liability using substitute-for-return method of section 6020); United States v. Hicks, 947 F.2d 1356, 1360 (9th Cir. 1991) (enforcement of criminal penalties for willful failure to file); United States v. Bowers, 920 F.2d 220, 221-22 (4th Cir. 1990) (same). Petitioner has not raised any justiciable error.
Because the petition fails to state a claim upon which relief can be granted, we will grant respondent's motion insofar as respondent requests that the case be dismissed. See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984); Rules 34(a) (1), 123(b).
Respondent also moves for the imposition of a penalty on petitioner pursuant to section 6673(a) (1). Section 6673(a) (1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. We will not impose a penalty under section 6673 at this *59 time. However, we shall take this opportunity to admonish petitioner that the Court may impose such a penalty should he return to the Court and advance arguments that he is not subject to income tax because provisions of the Tax Code must be implemented by regulation before being effective.
Upon due consideration and for cause, it is hereby
ORDERED that so much of respondent's Motion To Dismiss For Failure to State a Claim Upon Which Relief Can be Granted and To Impose a Penalty Under I.R.C. § 6673, filed September 29, 2011, seeking to hold petitioner liable for a penalty pursuant to section 6673(a) (1) is denied. It is further
ORDERED that so much of respondent's Motion To Dismiss For Failure to State a Claim Upon Which Relief Can be Granted and To Impose a Penalty Under I.R.C. § 6673, filed September 29, 2011, seeking dismissal is granted in that this case is dismissed on the ground that petitioner failed to state a claim upon which relief can be granted. It is further
ORDERED AND DECIDED that petitioner is liable for a deficiency in and additions to his Federal income tax for the years and in the amounts as follows:
Additions to Tax
Year
Deficiency
Sec. 6651(a) (1)
Sec. 6654 (a)
Sec. 6651(a) (2)
2009
$41,561.00
$9,351.23
$1,355.60
$5,195.13
/s/ *60 John O. Colvin
Chief Judge
ENTERED: NOV - 3 2011
Footnotes
1. Section references are to the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.↩