**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLOVUS M. SYKES, | No. 13-74293 |
| Petitioner-Appellant, | Tax Ct. No. 10386-11L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted April 19, 2018**

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Clovus M. Sykes appeals pro se from the Tax Court's decision, after a bench

trial, upholding the Commissioner of Internal Revenue's determination to proceed

with a proposed collection action for tax years 2001 through 2006, and imposing a

penalty under 26 U.S.C. § 6673. We have jurisdiction under 26 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 7482(a)(1). We review de novo the Tax Court's legal conclusions and for clear error its factual findings. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008). We review the imposition of penalties under § 6673 for abuse of discretion. *Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993). We affirm.

The Tax Court properly sustained the collection action against Sykes because he failed to raise any permissible issues or defenses at the collection due process ("CDP") hearing. *See* 26 U.S.C. § 6330(c)(2) (listing issues that may be considered at the CDP hearing); § 6330(c)(2)(B) (taxpayer may raise at the CDP hearing challenges to the existence or amount of the underlying tax liability only if he or she did not receive a notice of deficiency).

The Tax Court did not err in concluding that § 6702(a) penalties should be issued against Sykes because Sykes maintained a frivolous position when he filed tax returns reflecting that he earned no taxable income from his payors. 26 U.S.C. § 6702(a) (civil penalty of $5,000 for filing a frivolous tax return); *see Bradley v. United States*, 817 F.2d 1400, 1402 (9th Cir. 1987) (explaining government's burden under § 6702). We reject as meritless Sykes's contention that he was not required to pay taxes, because his argument is based on withholding provisions applicable only to foreign citizens.

The Tax Court did not abuse its discretion by imposing against Sykes a $25,000 penalty under § 6673 for maintaining frivolous positions despite the Tax

13-74293

Court's repeated warnings. § 6673(a)(1) (authorizing penalty not to exceed $25,000 where taxpayer's position is frivolous or groundless); *see Wolf*, 4 F.3d at 716 (concluding Tax Court was within its discretion in imposing penalties under § 6673 against taxpayer who persisted in litigating frivolous positions following warning). We reject as unsupported Sykes's contention that the 21-day safe-harbor provision set forth in Federal Rule of Civil Procedure 11 applies to the Tax Court's imposition of penalties.

The Tax Court did not abuse its discretion in admitting at trial the Commissioner's facts and exhibits under Tax Court Rule 91(f) because Sykes failed to show sufficient cause as to why the Commissioner's proposed stipulation should not be admitted. *See* Tax Ct. R. 91(a), (f) (setting forth requirements for trial stipulations and circumstances under which a party may move to compel stipulations); *Sparkman v. Comm'r*, 509 F.3d 1149, 1156 (9th Cir. 2007) (standard of review).

We reject as meritless Sykes's contention that the Tax Court lacked jurisdiction.

Sykes's motion to consolidate (Docket Entry No. 18) is denied as moot.

**AFFIRMED.**

13-74293