F I L E D
United States Court of Appeals
Tenth Circuit

OCT 7 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LAMAR LISTER,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 02-4242
(D.C. No. 2:01-CV-690-BSJ)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **MURPHY** and **PORFILIO** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Because he filed tax returns for the years 1991 through 1995 and for 1998 indicating that he had no income and advancing frivolous arguments as to why he was not liable for federal income taxes, plaintiff LaMar Lister was assessed a frivolous return penalty pursuant to 26 U.S.C. § 6702. After an IRS Appeals Officer rejected his challenge to the penalty, plaintiff filed suit in federal district court. The district court, after ordering a supplemental collection due process (CDP) hearing, granted summary judgment to the government. Plaintiff appeals, and we affirm.

Our review of the district court's grant of summary judgment is de novo. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). We view the evidence in the light most favorable to plaintiff and determine whether the district court correctly concluded that no genuine issue of material fact existed and that the government was entitled to judgment as a matter of law. *Id.*

In his opening brief, plaintiff makes several undeveloped arguments which we will briefly address. To the extent plaintiff advances a procedural due process argument, we note that because the law provides for post-enforcement suits for refund of the penalty assessment, adequate procedural due process protections have been afforded plaintiff. *See Alexander v. "Americans United" Inc.*, 416 U.S. 752, 761-63 (1974). Further, plaintiff has failed to rebut the

presumption arising from Form 4340 that a valid assessment was made. *See* Aplee. Supp. App., Vol. II, doc. 13, ex. 8; *Taylor v. IRS,* 69 F.3d 411, 419 (10th Cir. 1995).

We reject plaintiff's challenge to the holding of a second CDP hearing because plaintiff himself requested the second hearing. *See* Aplee. Supp. App., Vol. I at 33-36. Contrary to plaintiff's position, the district court did not ignore relevant facts in granting summary judgment to the government. Specifically, the government was not required to prove plaintiff's liability for the underlying taxes. *See* 26 U.S.C. § 6330(c)(2)(B). To the extent plaintiff contends that he did not receive a notice of deficiency so that he could challenge the underlying tax liability at the CDP hearing, that argument is contradicted by the record. *See* Aplee. Supp. App., Vol. II, doc. 13, exs. 8-15.

Finally, even if plaintiff is correct that he owed no taxes for the years in question, that circumstance does not insulate him from being penalized for filing a frivolous return. *See Bradley v. United States*, 817 F.2d 1400, 1403 (9th Cir. 1987). Plaintiff's argument that the evidence relied on at the CDP hearing and by the district court was incomplete fails to identify the nature of the missing evidence or its significance.

Plaintiff makes additional arguments which we address in the interest of completeness. Our review of the record convinces us that the Appeals Officer

properly conducted the CDP hearing. The fact that the same officer who had already authored an initial negative determination letter after the first CDP hearing later presided at the second CDP hearing does not establish bias. There is no evidence that the officer had any prior involvement with plaintiff's case before the first hearing. *See* 26 U.S.C. § 6320(b)(3). The designation of Salt Lake City as the site for the face-to-face CDP hearing was also in compliance with the law, since that city is the site of the IRS Appeals Office closest to plaintiff's residence. *See* Treas. Reg. § 301.6320-1(d)(2).

Plaintiff's argument regarding the reference to an incorrect statute in the initial notice of tax lien is meritless. When it became apparent that the original notice of tax lien had referenced an incorrect statute, the district court ordered a supplemental CDP hearing to review plaintiff's liability for the assessment under the correct statute. Any prejudice to plaintiff from the inclusion of the wrong statute in the first notice was rectified by the provision of the second CDP hearing.

Plaintiff argues that the First, Fifth, and Sixth Amendments apply to the IRS but does not specify how those Amendments impact his case or why the handling of this matter both by the agency and by the district court run afoul of the rights guaranteed by those Amendments. Plaintiff's arguments regarding the absence of a delegation of authority from the Secretary of the Treasury to the IRS

and the purported lack of statutory authority to levy taxes have been rejected by this court. *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

Plaintiff's contention that 26 U.S.C. § 6201 does not apply to Title 26 is frivolous on its face, notwithstanding the Code of Federal Regulations Parallel Table. Section 6702 of Title 26 is not a bill of attainder, *Hudson v. United States*, 766 F.2d 1288, 1292 (9th Cir. 1985) (*per curiam*), nor is the collection of taxes by the IRS a violation of the separation of powers. Because Congress may delegate authority to executive agencies to implement its programs, *Lichter v. United States*, 334 U.S. 742, 778 (1948), such delegation of authority does not violate the separation of powers as long as it is "accompanied by sufficient guidelines and standards for the exercise of the authority," *United States v. Davis*, 564 F.2d 840, 844 (9th Cir. 1977). There are more than sufficient standards in the Internal Revenue Code to guide the IRS in the performance of its constitutionally imposed duty to enforce the tax laws. We reject as meritless plaintiff's remaining tax-protester-type arguments in which he argues that, for various reasons, the tax laws are unconstitutional. *See Sumner v. Mata*, 449 U.S. 539, 548 (1981) (noting that "a court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit").

Plaintiff's objection to the government's supplemental authority is rejected.

The judgment of the district court is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge