**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**AUG 3 2004**

**PATRICK FISHER**
**Clerk**

LAMAR LISTER; GAYLE LISTER,

Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 03-4286
(D.C. No. 2:02-CV-506-DAK)
(D. Utah)

### ORDER AND JUDGMENT *

Before **TACHA** , Chief Judge, **MURPHY** , Circuit Judge, and **CAUTHRON** ,** Chief District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\* The Honorable Robin J. Cauthron, Chief District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

Plaintiffs LaMar and Gayle Lister, appearing pro se, appeal the district court's order dismissing their complaint and granting summary judgment in favor of the United States, specifically, the Internal Revenue Service (IRS). We review the district court's grant of summary judgment de novo, applying the same standard under Fed. R. Civ. P. 56(c) as the district court. *See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). We affirm.

The facts of this case are fully and accurately set forth in the district court's order and we only briefly summarize them here. LaMar Lister filed tax returns for the years 1991 through 1995 and 1998 indicating that his wages were not income and advancing frivolous arguments as to why he was not liable for federal income taxes. Pursuant to 26 U.S.C. § 6702, the IRS assessed a frivolous tax return penalty against him, and this court subsequently affirmed the validity of that penalty. *See Lister v. United States*, 77 Fed. Appx. 465 (10th Cir. Oct. 7, 2003) (unpublished disposition).

Both plaintiffs filed tax returns for the years 1996 and 1997 that also indicated that they had no income and advanced nearly identical, and frivolous, arguments that their wages were not income and that they were not liable for any federal income taxes. The IRS assessed frivolous return penalties under § 6702 against plaintiffs for both their 1996 and 1997 returns. Plaintiffs requested

a collection due process (CDP) hearing with respect to these penalties,      *see* 26 U.S.C. § 6330, but later requested the scheduled hearing be postponed and held closer to their home.  The IRS agreed, but plaintiffs failed to appear at the rescheduled hearing.  The IRS issued a notice of determination advising plaintiffs that it could proceed with its proposed collection actions.

Plaintiffs filed the present complaint requesting the district court to invalidate all of the frivolous return penalties for the years 1991 through 1998; invalidate the CDP hearing related to the 1996 and 1997 penalties; invalidate an IRS decision letter for tax year 1998 and a tax court decision for tax year 1991; prohibit the collection of any income taxes and penalties for years 1991 through 2002; and allow them to recover alleged tax overpayments.  In an exhaustive, thirty-six page decision, the district court considered and rejected plaintiffs' claims.  It ruled that plaintiffs received a valid CDP hearing, that their 1996 and 1997 income tax returns were frivolous on their face, and that the IRS did not abuse its discretion in assessing the tax penalties.  The district court further concluded that plaintiffs' remaining claims were barred by a lack of subject-matter jurisdiction, the doctrine of claim preclusion, or the Anti-Injunction Act.

We have reviewed the parties' briefs, the record on appeal, the relevant law, and the district court's order.  The district court thoroughly and accurately

recited the evidence of record, and we need not add anything to its well-reasoned decision.  Therefore, we AFFIRM the district court's grant of summary judgment for substantially the reasons stated in its Memorandum and Order dated September 19, 2003.  The government's request for sanctions is DENIED. The mandate shall issue forthwith.

Entered for the Court


Deanell Reece Tacha
Chief Judge