**In re Rickie Allen WILSON, Debtor.**

**Rickie Allen Wilson, Plaintiff–Appellee,**

**v.**

**United States of America, Defendant–Appellant.**

**BAP No. CO–08–092.**
**Bankruptcy No. 06–10026–MER.**
**Adversary No. 06–01425–MER.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

June 12, 2009.

Chad D. Nardiello, Trial Attorney, (Brett L. Tolman, United States Attorney and Mike Lloyd, Special Assistant United States Attorney with him on the briefs) United States Department of Justice, Washington, D.C., for Defendant–Appellant.

Before NUGENT, THURMAN, and KARLIN, Bankruptcy Judges.

## OPINION

NUGENT, Bankruptcy Judge.

The United States of America, acting through the Internal Revenue Service (the "IRS"), appeals from a summary judgment order holding that tax penalties assessed against Rickie Allen Wilson ("Wilson") for filing frivolous returns under 26 U.S.C. § 6702 are dischargeable under 11 U.S.C. § 523(a)(7)(B).[1] Relying on the Tenth Circuit's *Roberts* case,[2] the bankruptcy court held that the event giving rise to these penalties was Wilson's failure to file timely returns for tax years outside the three-year lookback period provided for in § 523(a)(7)(B), rendering the penalties dischargeable. After oral argument and

---

1. All future references to "Section" or " § " are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.,* unless otherwise noted.

2. *In re Roberts,* 906 F.2d 1440 (10th Cir. 1990).

careful review of the record before us, we REVERSE.[3]

## I. Appellate Jurisdiction and Standards of Review

This Court has jurisdiction over this appeal. The Appellant timely filed its notice of appeal from the bankruptcy court's final order.[4] The parties have consented to this Court's jurisdiction because they have not elected to have the appeal heard by the United States District Court for the District of Colorado.[5]

■■■ We review the grant or denial of summary judgment *de novo*, applying the same legal standard used by the trial court pursuant to Federal Rule of Civil Procedure 56(c).[6] The determination of the nondischargeability of debt is an issue of law that we review *de novo*.[7]

## II. Factual Background[8]

On February 28, 2005, Wilson filed purported tax returns for each of the tax years 1997, 1998 and 1999, each indicating that he owed no tax for those years. The IRS determined that these filings were frivolous, and, in accordance with IRC § 6702,[9] assessed penalties against Wilson of $500 for each of the frivolous returns.[10]

Wilson and his wife filed their voluntary Chapter 7 petition on January 5, 2006, less than one year after the returns were filed. Thereafter, Wilson filed an adversary complaint against the IRS, seeking to have all his IRS tax liabilities and penalties discharged. Wilson and the IRS filed cross-motions for summary judgment. Wilson asserted that the IRS's records of assessments were defective, and therefore did not show a legally sustainable tax liability. In arguing that its tax debts were excepted from discharge under various subsections of § 523(a), the IRS sought a determination that the frivolous filing penalties for tax years 1997, 1998, and 1999 are excepted from discharge pursuant to § 523(a)(7)(B).

The bankruptcy court granted partial summary judgment to Wilson and to the IRS.[11] Before us today is the bankruptcy court's denial of the IRS's Motion for Summary Judgment as to the frivolous filing penalties for tax years 1997, 1998, and 1999, and discharge of those penalties. The bankruptcy court held that "under the Tenth Circuit's *Roberts* opinion, the events giving rise to penalties asserted for tax years 1997, 1998, and 1999 were Wilson's failure to file timely returns [in those

---

**3.** This Court heard oral argument in this case on April 28, 2009.

**4.** 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8002(a); *Loper v. Loper (In re Loper)*, 329 B.R. 704 (10th Cir. BAP 2005) (treating nondischargeability order as final); *Yules v. Gillis (In re Gillis)*, 403 B.R. 137, 142 (1st Cir. BAP 2009) (bankruptcy court order determining debt to be nondischargeable is final order).

**5.** 28 U.S.C. § 158(b)-(c); Fed. R. Bankr.P. 8001(e).

**6.** *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir.1995).

**7.** *Cousatte ex rel. Collier v. Lucas (In re Lucas)*, 300 B.R. 526, 530 (10th Cir. BAP 2003) (cit-

ing *United States v. Victor*, 121 F.3d 1383, 1386 (10th Cir.1997)).

**8.** This Court's recitation of the facts will be brief and limited to those facts relevant to the issue of the dischargeability of tax penalties assessed under 26 U.S.C. § 6702.

**9.** All future references to "IRC" are to the Internal Revenue Code, 26 U.S.C. § 1, *et seq.*

**10.** *Certificates of Assessments,* in Appellant's Appendix ("Appx.") at 498–505.

**11.** *Order dated July 30, 2008 [on Cross–Motions for Summary Judgment],* in Appx. at 66–78.

years], rendering the penalties dischargeable under § 523(a)(7)(B)." [12]

The IRS filed a motion to alter or amend judgment, objecting solely to the discharge of the frivolous filing penalties. The IRS argued that it is the filing of the frivolous returns in February 2005, rather than the due date of the underlying tax return, that constitutes the "transaction or event" that gives rise to the imposition of the frivolous filing penalties. The bankruptcy court denied the IRS's motion to alter or amend judgment, describing the IRS's argument as contrary to the holding in *Roberts*.[13] This appeal followed.

## III. Discussion

■ On appeal, the IRS argues that the bankruptcy court misconstrued *Roberts*, and that its conclusion is contrary to the plain language of IRC § 6702. We agree.

Relying on *Roberts*, the bankruptcy court concluded that the "failure to file timely returns" constituted the transaction or event giving rise to the frivolous filing penalties, and, because Wilson's failure to file these returns occurred before the three year period referenced in § 523(a)(7)(B), the court allowed the frivolous filing penalties to be discharged. *Roberts* is factually and legally distinct from this case. There, debtors failed to file federal income tax returns for 1982 and 1983, and the IRS assessed taxes, "failure to file" and "failure to pay" penalties, and interest for those years.[14] On June 10, 1988, debtors filed their Chapter 7 petition. Thereafter, debtors filed a complaint seeking a determination of the dischargeability of the penalty portion of the tax liability. The *Roberts* bankruptcy court ruled that the tax penalties were not excepted from discharge under § 523(a)(7)(B) because they related to events (the failure to file and pay) that occurred more than three years prior to the filing of the bankruptcy petition. Both the district court and the Tenth Circuit affirmed the bankruptcy court's judgment.

We distinguish *Roberts* because it involves penalties assessed for failure to file a return and failure to pay tax due at a certain time. The *Roberts* court did not address what constitutes a "transaction or event" under § 523(a)(7)(B), but merely concluded that because the failure occurred for tax years before the three-year period, the penalties were dischargeable. Rather than focus on what and when an "event or transaction" occurs, *Roberts* focused on whether to read § 523(a)(7)(A) and (B) in the conjunctive or disjunctive, and whether the computation method of the penalty controls which subsection to apply. *Roberts* does not bind us or the bankruptcy court to hold that Wilson's failure to file timely returns was the event giving rise to the frivolous filing penalties.

Section 523(a)(7)(B) excepts from discharge a tax penalty arising out of a transaction or event occurring within the three years immediately preceding the date of the petition. The statute reads—

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . .

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actu-

---

**12.** *Id.* at 77.

**13.** *Order dated November 4, 2008 [denying IRS's Motion to Alter or Amend Judgment], in* Appx. at 79–82.

**14.** IRC § 6651(a)(1) and (a)(3) assess penalties for failure to file and failure to pay taxes, respectively.

al pecuniary loss, other than a tax penalty—

. . .

> (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition[.] [15]

When the events of this case occurred in 2005, IRC § 6702(a) provided that if—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

> (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

> (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

> (A) a position which is frivolous, or

> (B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.[16]

What is at issue here is when the "event" of filing a frivolous return occurs, and whether it occurred within the three years before the date of Wilson's petition.

 IRC § 6702 refers to the filing of a return in which the taxpayer takes a frivolous position as offending conduct, and penalizes the specific conduct of filing a frivolous return.[17] This section was enacted to reduce the administrative burden on the IRS from handling returns which "are clearly not designed to inform the [IRS] of the filer's taxable income and are not in processible form." [18] The penalty was devised to discourage individuals from filing protest returns and demonstrate the determination of Congress to maintain the integrity of the income tax system.[19] Indeed, a frivolous filing penalty may be assessed even if the taxpayer owed no taxes for the years in question.[20] In addition, it is not limited to tax protestors, but applies to all citizens, whatever their reasons for filing a frivolous return.[21]

Because IRC § 6702 refers to the act of filing a purported return and is designed to discourage such filings, the frivolous filing triggers the § 523(a)(7)(B) "event," not the failure to file. The fact that the amount of the penalty is not computed by reference to a tax liability also suggests this penalty is unrelated to a tax year *per se.*

Allowing debtors to discharge frivolous return penalties incurred for tax years outside the three year period where purported returns are filed within the three years eviscerates the effectiveness of IRC § 6702. Debtors could then file frivolous returns for tax years ending before the three-year lookback period at any time without fear of penalty. It is the act of filing the return that constitutes the "event or transaction" under § 523(a)(7)(B).

---

15. 11 U.S.C. § 523(a)(7)(B).

16. 26 U.S.C. § 6702 (2005). IRC § 6702 was amended in 2006 and now authorizes a $5,000 penalty for each frivolous return filed.

17. *Bradley v. United States,* 817 F.2d 1400, 1405 (9th Cir.1987).

18. S.Rep. No. 97–494, at 277 (1982), *reprinted in* 1982 U.S.C.C.A.N. 781, 1024.

19. *Bradley,* 817 F.2d at 1402.

20. *Lister v. United States,* 77 Fed.Appx. 465, 466 (10th Cir.2003).

21. *Leogrande v. United States,* 811 F.2d 147, 149 (2d Cir.1987).

Wilson filed his purported returns for tax years 1997, 1998, and 1999 on February 28, 2005. Debtor filed his bankruptcy petition on January 5, 2006, well short of three years after the February 2005 purported return date. Since the filing of the frivolous documents was within three years before the petition date, the frivolous filing penalties should be excepted from discharge under § 523(a)(7)(B).

## IV. Conclusion

For the above reasons, we REVERSE with direction to the bankruptcy court to enter summary judgment excepting the frivolous filing penalties for tax years 1997, 1998, and 1999 from Wilson's discharge.