**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 16, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

MICHAEL E. LUNNON,

    Plaintiff Counter Defendant - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant Counterclaimant - Appellee,

and

THE UPS STORE, INC.; T.W. LYONS,

    Defendants - Appellees.

No. 21-2140
(D.C. No. 1:16-CV-01152-MV-JFR)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Michael E. Lunnon brought multiple claims against defendants arising from

attempts by the Internal Revenue Service ("IRS") to collect taxes Lunnon allegedly

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

owed for certain tax years.  The United States filed counterclaims seeking to reduce to judgment Lunnon's tax liabilities for other tax years.  The district court entered judgment in favor of defendants on Lunnon's claims and in favor of the United States on its counterclaims.  Appearing pro se, Lunnon appeals.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's rulings but with one exception—we vacate the grant of summary judgment to the United States on Lunnon's 28 U.S.C. § 6213(a) claim and remand to the district court with instructions to dismiss the § 6213(a) claim without prejudice for lack of jurisdiction based on sovereign immunity.

## I.  Factual and procedural background

LG Kendrick, LLC ("Kendrick"), was formed in 2009, and Lunnon is Kendrick's sole member.  Kendrick has a franchise agreement with The UPS Store, Inc. ("TUPSS"), and operates a UPS Store in New Mexico.  In 2011, the IRS determined that Kendrick was Lunnon's alter ego.  In an effort to collect income taxes Lunnon allegedly owed for tax years 1998, 1999, and 2005, Revenue Officer T.W. Lyons issued a Notice of Federal Tax Lien to Kendrick as Lunnon's alter ego.  Lyons also sent a Notice of Levy on Wages, Salary, and Other Income ("Notice of Levy") to TUPSS (then operating under the name Mail Boxes Etc., Inc.) requiring TUPSS to turn over to the IRS money TUPSS owed Kendrick as Lunnon's alter ego.  In 2015, Lyons sent TUPSS another Notice of Levy to Kendrick as Lunnon's alter ego in an effort to collect taxes Lunnon owed for tax years 2006 through 2009.  From

2011 through February 2018, TUPSS continuously sent the IRS money (more than $65,000) TUPSS owed Kendrick.

In 2016, Lunnon filed the pro se action underlying this appeal against the United States, Lyons, and TUPSS. Lunnon, who is not an attorney, initially listed himself and Kendrick as plaintiffs. However, in the operative amended complaint, and after the court informed him that he could not represent Kendrick, he listed only himself as plaintiff but alleged Kendrick had assigned to him all of its rights to the claims he asserted.[1] The amended complaint asserted five claims. The first three claims were brought against the United States: (1) declaratory judgment regarding the alter-ego determination; (2) tax refund; and (3) damages for unauthorized collection. The fourth claim asserted that Lyons and TUPSS violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"). And the "sixth" claim (there was no fifth claim) was for breach of contract against TUPSS. The United States filed counterclaims seeking to reduce to judgment income tax assessments against Lunnon for tax years 2006 through 2018 and 26 U.S.C. § 6672 penalties (related to employment withholding taxes) for all four quarters of 2010.

In orders adopting a series of magistrate judge's recommendations, the district court dismissed some claims, granted summary judgment to defendants on the remaining claims, and granted summary judgment to the United States on its

---

[1] An attorney entered an appearance for Kendrick in July 2017 but withdrew in February 2018, before Lunnon filed the amended complaint in September 2018.

counterclaims.  Lunnon now challenges the district court's rulings on claims one, two, and four, the court's grant of summary judgment to the United States on its counterclaims, and the court's denial of his motion to dismiss the counterclaims.

## II.  Discussion

### A.    Claim one:  Declaratory judgment

In claim one, Lunnon sought a declaratory judgment against the United States that Kendrick was not Lunnon's alter ego.  The district court dismissed the claim for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) based on the Declaratory Judgment Act's prohibition on declaratory judgments "with respect to Federal taxes," 28 U.S.C. § 2201(a) ("DJA").  We review a Rule 12(b)(1) dismissal de novo. *Tompkins v. U.S. Dep't of Veterans Affs.*, 16 F.4th 733, 741 (10th Cir. 2021).  We construe Lunnon's pro se filings liberally, but we may not act as his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Relying on *Green Solution Retail, Inc. v. United States*, 855 F.3d 1111 (10th Cir. 2017), Lunnon argues that the DJA's prohibition on declaratory judgments "with respect to Federal taxes" extends no further than the Anti-Injunction Act's prohibition on suits brought "for the purpose of restraining the assessment or collection of any tax," 26 U.S.C. § 7421(a) ("AIA").  Although Lunnon correctly notes *Green*'s statement that the DJA and AIA are "coterminous," 855 F.3d at 1115 (internal quotation marks omitted), *Green* did not hold that the DJA's prohibition was limited to suits attempting to restrain the assessment or collection of taxes.  Instead, *Green* discussed the relationship between the AIA and the DJA only to point out that

4

the plaintiff could not "make an end-run around the AIA" by relying on the DJA because they both barred suits seeking to restrain tax assessment or collection. *See id.* at 1114–15. Significantly, *Green* went on to reaffirm an earlier Tenth Circuit holding "that the AIA applies 'not only to the actual assessment or collection of a tax, but is equally applicable to activities leading up to, and culminating in, such assessment and collection.'" *Id.* at 1116 (quoting *Lowrie v. United States*, 824 F.2d 827, 830 (10th Cir. 1987)); *see also id.* at 1117–20 (explaining why *Lowrie*'s holding is still good law). The IRS's alter-ego determination here was such an activity, so it falls within the meaning of "with respect to Federal taxes" in the DJA even if the DJA prohibits nothing more than the AIA. The district court, therefore, properly dismissed claim one for lack of jurisdiction.

**B.    Claim two:  Refund claim under 26 U.S.C. §§ 6213(a) and 6330**

In claim two, Lunnon sought an "automatic refund," R., Vol. 1 at 176, of funds the IRS had collected from Kendrick under the 2011 levy. He advanced two theories: (1) the IRS had not sent him a notice of deficiency as required by 26 U.S.C. § 6213(a); and (2) the IRS had not sent him a notice of its intent to levy and his right to a collection due process hearing under 26 U.S.C. § 6330.

In relevant part, § 6213(a) provides that a taxpayer may seek a refund of taxes collected without proper issuance of a notice of deficiency:

> Within 90 days . . . after the notice of deficiency authorized in section 6212 is mailed . . . , the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. . . . [N]o assessment of a deficiency in respect of any tax imposed . . . and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been

5

mailed to the taxpayer, nor until the expiration of such 90-day . . . period,
. . . nor, if a petition has been filed with the Tax Court, until the decision of
the Tax Court has become final.  Notwithstanding the provisions of section
7421(a) [the AIA], the making of such assessment or the beginning of such
proceeding or levy during the time such prohibition is in force may be
enjoined by a proceeding in the proper court, including the Tax Court, and
a refund may be ordered by such court of any amount collected within the
period during which the Secretary is prohibited from collecting by levy or
through a proceeding in court under the provisions of this subsection.

The relevant part of § 6330 provides:  "No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made." § 6330(a)(1).

The United States moved to dismiss the § 6330 claim for lack of subject matter jurisdiction based on sovereign immunity.  The district court granted that motion.  In his recommendation, the magistrate judge determined that § 6213's refund mechanism did not waive the United States' sovereign immunity for a § 6330 claim. The magistrate judge also rejected Lunnon's argument that his § 6330 claim could proceed under 28 U.S.C. § 1346(a)(1), which grants district courts original jurisdiction over civil actions to recover taxes erroneously or illegally assessed or collected.  The magistrate judge concluded that for § 1346(a)(1) to waive sovereign immunity, Lunnon first had to exhaust his administrative remedies by filing a claim for a refund or credit, as required under 26 U.S.C. § 7422(a), and Lunnon had not alleged or shown he had done so.  The district court adopted the recommendation over Lunnon's objections.

6

The United States and Lunnon filed cross-motions for summary judgment on the § 6213(a) claim. The government advanced multiple theories in support of its motion, including that Lunnon could not proceed under § 6213(a) to recover levied funds belonging to Kendrick, Lunnon failed to exhaust by not filing an administrative refund claim per § 7422, and the IRS in fact sent the notices of deficiency. The district court denied Lunnon's motion and granted the United States' motion based solely on the last of the government's theories, finding that the government had provided sufficient admissible and unrebutted evidence of the proper mailing of notices of deficiency for the tax years at issue.

On appeal, the United States argues that because Kendrick is the proper plaintiff for claim two, Lunnon lacks Article III and prudential standing to assert Kendrick's claims. We need not resolve this issue because we can affirm the district court's dismissal of claim two based on a different jurisdictional ground—sovereign immunity. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (explaining that "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits" (internal quotation marks omitted)); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."). We first address the § 6330 claim, then proceed to the § 6213(a) claim.

## 1. Section 6330 claim

As noted, the district court resolved the § 6330 portion of claim two by dismissing it on the ground of sovereign immunity. "We review de novo the district

7

court's dismissal based on sovereign immunity." *Mojsilovic v. Okla. ex rel. Bd. of Regents for Univ. of Okla.*, 841 F.3d 1129, 1131 (10th Cir. 2016). In his objections to the magistrate judge's recommendation on the § 6330 claim, Lunnon's sole argument was that the magistrate judge should not have considered the government's § 7422(a) argument because it was raised for the first time in the government's reply brief. Because Lunnon did not object to the magistrate judge's sovereign immunity analysis, our firm waiver rule precludes appellate review unless Lunnon satisfies that rule's interests-of-justice exception. *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (discussing firm waiver rule and its exceptions).[2] The interests-of-justice exception "is similar to reviewing for plain error." *Id.* at 1120. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1122–23 (internal quotation marks omitted).

We conclude Lunnon has not shown plain error. His merits argument centers on the phrase "provisions of law in that regard" in § 7422(a), which provides:

> **No suit prior to filing claim for refund.**--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary,

---

[2] The firm waiver rule also does not apply when a "a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object." *Morales-Fernandez*, 418 F.3d at 1119. But Lunnon received the required information in all the recommendations relevant to this appeal.

according to the *provisions of law in that regard*, and the regulations of the Secretary established in pursuance thereof.

§ 7422(a) (emphasis added).  Lunnon contends that § 7422(a)'s exhaustion requirement does not apply to a refund claim based on a § 6330 violation because there are no "provisions of law in that regard," § 7422(a), that specifically apply to a § 6330 refund claim.  We may assume there are no such provisions, but Lunnon offers no authority supporting this novel argument.  To the contrary, § 7422(a)'s exhaustion requirement is broadly stated, and nothing in § 7422(a) suggests an administrative refund claim is required only if there are "provisions of law" controlling the manner in which the specific type of refund claim at issue must be filed.  Thus, it is not clear or obvious that the district court erred, so Lunnon has not shown plain error.  *See Morales-Fernandez*, 418 F.3d at 1124 ("[A]n error is 'plain' if it is clear or obvious at the time of the appeal.").  We therefore affirm dismissal of the § 6330 claim.

### 2.  Section 6213(a) claim

In the district court, the government did not squarely argue that sovereign immunity applies because Lunnon failed to exhaust his § 6213(a) claim as required by § 7422.  And it does not do so on appeal.  But no matter.  We can "raise the sovereign immunity issue *sua sponte*."  *Clymore v. United States*, 415 F.3d 1113, 1118 n.6 (10th Cir. 2005).

We may assume, without deciding, that if no notice of deficiency is sent to the taxpayer, § 6213(a) waives the United States' sovereign immunity from a

9

"proceeding in the proper court" seeking a "refund . . . of any amount collected,"
§ 6213(a), and also vests the "proper court" with jurisdiction over a refund action, *id.*
The question then is whether § 7422's exhaustion requirement acts as a limitation on
the § 6213(a) waiver of sovereign immunity.  We conclude that it does.  In *Wyodak
Resources Development Corp. v. United States*, 637 F.3d 1127, 1135 (10th Cir.
2011), this court explained that § 7422's exhaustion requirement and § 1346's grant
of jurisdiction over civil actions seeking to recover taxes erroneously or illegally
assessed or collected "work together to require that all tax refund claimants seeking
relief in district court must first exhaust their administrative remedies with the
Secretary of the Treasury," and to hold otherwise "would create a class of claims
over which district courts possessed jurisdiction regardless of exhaustion."  Given the
breadth of § 7422, this logic is equally applicable to § 6213(a) refund claims.
Because Lunnon did not file an administrative claim for a refund or credit, sovereign
immunity deprived the district court of jurisdiction.  We therefore vacate the grant of
summary judgment to the United States on the § 6213(a) claim and remand to the
district court with instructions to dismiss the § 6213(a) claim without prejudice for
lack of jurisdiction based on sovereign immunity.

C.    **Claim four:  RICO**

In claim four, Lunnon asserted a RICO scheme between TUPSS and Lyons,
named in his individual capacity, to fraudulently divert to the IRS money TUPSS
owed Kendrick.  The district court dismissed the RICO claim for several alternative

10

reasons. We first discuss dismissal of the claim as to Lyons before turning to dismissal of the claim against TUPSS.

### 1. RICO claim against Lyons

Lyons and the United States moved jointly to dismiss the RICO claim ("Joint Motion") under Rule 12(b) on multiple grounds. Lunnon responded and also moved to strike the Joint Motion. The magistrate judge recommended granting the motion to dismiss for several reasons, including sovereign immunity, and denying the motion to strike. The district court adopted the entirety of the recommendation. Exercising de novo review, *see Tompkins*, 16 F.4th at 741, we affirm based on sovereign immunity.

In his recommendation, the magistrate judge concluded that because all of Lyons's actions were taken in his official capacity as an IRS agent, the United States was the real party in interest and therefore the only proper government defendant on the RICO claim. The magistrate judge then determined that sovereign immunity barred the RICO claim against the United States.

On appeal, Lunnon argues that under *Hafer v. Melo*, 502 U.S. 21 (1991), it is not the capacity in which the injury is inflicted that controls the nature of the claim but the capacity in which a defendant is named, and here, Lunnon named Lyons in his individual capacity. Thus, he concludes, the district court erred in treating the RICO claim against Lyons as an official capacity claim, and therefore all the district court's other reasons for dismissing the claim and denying his motion to strike necessarily fail. He also cites two statements in *Stafford v. Briggs*, 444 U.S. 527

11

(1980). The first is that "[a] suit for money damages which must be paid out of the pocket of the private individual who happens to be—or formerly was—employed by the Federal Government plainly is not one . . . against the United States." *Id.* at 542 (internal quotation marks omitted). The second is that "[i]n deciding whether an action is in reality one against the Government, the identity of the named parties defendant is not controlling; the dispositive inquiry is 'who will pay the judgment?'" *Id.* at 542 n.10. Lunnon argues that because he sought damages against Lyons individually, his RICO claim was not against the United States.

Lunnon's *Hafer* argument fails because *Hafer* involved § 1983 claims against a state official, and in *Weaver v. United States*, 98 F.3d 518 (10th Cir. 1996), we rejected the same argument Lunnon advances here: "'When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States.'" *Id.* at 520 (emphasis and internal quotation marks omitted). *Weaver* further held that RICO did not expressly waive the United States' sovereign immunity. *Id.* at 520 & n.2. Lunnon's reliance on *Stafford*'s "who will pay the judgment" rule is misplaced because he alleged TUPSS sent the money "to the IRS," R., Vol. 1 at 181. Thus, if Lunnon was successful on his RICO claim, we are confident the United States would pay the judgment, not Lyons. For these reasons, we agree with the district court's construction of the RICO claim as one against the United States, not Lyons in his individual capacity, and therefore

sovereign immunity applies. Consequently, we affirm the dismissal of the RICO claim against United States and the denial of Lunnon's motion to strike.

### 2. RICO claim against TUPSS

In his recommendation on the Joint Motion, the magistrate judge determined that Kendrick was the proper plaintiff on the RICO claim based on allegations in the amended complaint that the RICO scheme fraudulently obtained Kendrick's property, that Kendrick had been damaged, and that Kendrick sought treble damages. The magistrate then recommended the RICO claim be dismissed because Kendrick was not a party to the action and Lunnon could not represent Kendrick because he is not a licensed attorney. We conclude that, based on this rationale, on which the district court relied when adopting the recommendation, the order granting the Joint Motion also disposed of the RICO claim against TUPSS.[3]

So construing the district court's order granting the Joint Motion, we turn to the applicable portion of Lunnon's appellate argument, which is that the district court erred in determining Kendrick had rights separate from Lunnon given the IRS's finding that Kendrick was Lunnon's alter ego. Lunnon did not challenge this determination in his objections to the recommendation on the Joint Motion.

---

[3] Lunnon contends the district court did not dispose of the RICO claim against TUPSS until a later order granting TUPSS's motion to dismiss. We reject this argument because the later order limited its analysis to the sixth claim, which asserted breach of contract against TUPSS, and in its final judgment the district court recounted that its order granting the Joint Motion "dismissed Count IV (RICO Violations by Defendants T.W. Lyons *and TUPSS*)," R., Vol. 2 at 817 n.1 (emphasis added).

Accordingly, our firm waiver rule bars consideration of his appellate argument unless he can show the district court plainly erred. *See Morales-Fernandez*, 418 F.3d at 1119–20. We conclude Lunnon has not shown plain error.

The IRS may satisfy a tax deficiency by imposing a lien on a delinquent taxpayer's "'property'" or "'rights to property.'" *Drye v. United States*, 528 U.S. 49, 55 (1999) (quoting 26 U.S.C. § 6321). Such property includes "property held by a third party if it is determined that the third party is holding the property as a nominee or alter ego of the delinquent taxpayer." *Spotts v. United States*, 429 F.3d 248, 251 (6th Cir. 2005). "In the case of a nominee lien, the IRS proceeds against an alter ego or nominee of a delinquent taxpayer *for the purposes of satisfying the taxpayer's obligations*." *Macklin v. United States*, 300 F.3d 814, 818 n.2 (7th Cir. 2002) (emphasis added) (internal quotation marks omitted).

Against this tax-specific alter ego rubric stands 28 U.S.C. § 1654 and judicial decisions applying § 1654 to representation of business entities in federal court. Section 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Thus, it has been the long-standing rule "that a corporation may appear in the federal courts only through licensed counsel," and that "the rationale for that rule applies equally to all artificial entities." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993). *See also Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court

14

through an attorney and not through a non-attorney corporate officer appearing pro se."); D.N.M.LR-Civ 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court.").

Lunnon points to no authority for his proposition that when the IRS determines an LLC is an individual taxpayer's alter ego for lien purposes, the LLC should be disregarded for all purposes, including when determining whether an LLC's sole member has standing to assert a RICO claim alleging harm to the LLC or when applying federal law requiring business entities to appear in court only through licensed counsel. Lunnon relies on *Walker v. THI of New Mexico at Hobbs Center* for its acknowledgment that the effect of an alter-ego determination can be "to disregard the separate nature of a corporation" because "[l]iability based on an alter ego theory lies where the shareholders have so manipulated the corporation to further their own individual interests that the identity of the corporation has merged into its shareholders." 801 F. Supp. 2d 1128, 1150 (D.N.M. 2011) (internal quotation marks omitted). But Lunnon overlooks *Walker*'s recognition that "[a]lter ego . . . is primarily used to establish liability," and that "liability and [personal] jurisdiction are different inquiries that focus on different principles and frequently on different bodies of law." *Id.* Similarly, liability is a distinct inquiry from either standing or the entity-representation rule, which also focus on different legal principles and bodies of law. Thus, *Walker* does not show plain error in the district court's disposition of the RICO claim against TUPSS.

15

Nor does the other case Lunnon relies on, *Wellston, Oklahoma, Natural Gas Authority Bondholders v. Nesbitt (In re Eufaula Enterprises, Inc.)*, 565 F.2d 1157 (10th Cir. 1977). That case concerned ownership of assets in a bankruptcy proceeding, not whether a member of an LLC deemed to be his alter ego has standing to assert the LLC's claim or may represent the LLC in federal court. *See id.* at 1161. Accordingly, Lunnon has not shown plain error in the district court's determination that Kendrick was the proper plaintiff on the RICO claim against TUPSS and that Lunnon, who is not a licensed attorney, could not represent Kendrick on the RICO claim.

Finally, we disagree with Lunnon that it was inconsistent for the district court to dismiss his claim for a declaratory judgment that Kendrick was not his alter ego and then treat Kendrick as a separate entity for purposes of this action. As discussed above, the DJA required the court to dismiss his declaratory judgment claim, and Lunnon has not shown the IRS's alter-ego finding extends beyond the IRS's efforts to collect delinquent taxes.

## D.    Counterclaims

In its counterclaims, the United States sought to reduce to judgment unpaid federal income and employment taxes, with penalties and interest, totaling just over $1.2 million that Lunnon owed for tax years 2006 through 2018. Lunnon filed an answer and then moved to dismiss the counterclaims pursuant to Fed. R. Civ. P.

16

12(h)(3)[4] for lack of jurisdiction or, alternatively, for judgment on the pleadings pursuant to Rule 12(c).  He argued that the United States failed to meet certain statutory requirements.  The United States moved for summary judgment on its counterclaims.  The magistrate judge recommended denying Lunnon's motion and granting the government's motion.  Lunnon filed objections.  The district court overruled the objections in an order adopting the recommendation, denying Lunnon's motion, and granting summary judgment to the government on its counterclaims.

On appeal, Lunnon contests the denial of both his Rule 12(h)(3) motion and his Rule 12(c) motion.  However, Lunnon may not challenge on appeal the denial of his Rule 12(c) motion (the post-pleading equivalent of a Rule 12(b)(6) motion) because the district court granted summary judgment to the United States on its counterclaims (the equivalent of prevailing at trial on the merits).  *See ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1172 (10th Cir. 2011) (explaining that when the plaintiff prevails at trial, the defendant may not "appeal from the pretrial denial of a Rule 12(b)(6) motion to dismiss"); *Bennett v. Pippin*, 74 F.3d 578, 585 (5th Cir. 1996) ("When the plaintiff has prevailed after a full trial on the merits, a district court's denial of a Rule 12(b)(6) dismissal becomes moot.  The plaintiff has proved, not merely alleged, facts sufficient to support relief.").  We therefore do not consider Lunnon's assertions that the district court erred in denying his Rule 12(c)

---

[4] Rule 12(h)(3) provides:  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

motion.  But we will address his arguments concerning the denial of his Rule 12(h)(3) motion and the grant of summary judgment to the government.

### 1.  Denial of Lunnon's Rule 12(h)(3) motion to dismiss counterclaims

Lunnon argued the counterclaims should be dismissed for lack of jurisdiction based on 26 U.S.C. § 7401, which provides:  "No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."  Lunnon asserted that because he denied the government's allegation that the counterclaims were authorized under § 7401, the government had the burden to produce evidence to prove that allegation. The government responded that Lunnon had not provided any supporting evidence, so his argument was a facial attack and failed because when faced with a facial attack, a court must presume jurisdictional allegations are true.  In reply, Lunnon reiterated that his was a factual attack on the allegation that authorization existed.

The magistrate judge treated Lunnon's argument as a facial challenge to the district court's jurisdiction because Lunnon had argued only that the United States' mere allegation of § 7401 authorization was insufficient.  The magistrate judge then rejected the argument based on the rule that when considering a facial attack, the court must accept the plaintiff's allegations as true, *see Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015), and the government's allegation was sufficient to show the authorizations § 7401 requires.  However, because Lunnon also raised this issue in connection with the government's motion for summary

judgment, the magistrate judge considered two declarations the United States attached to its reply in support of its motion for summary judgment, one from an attorney in the IRS's Office of Chief Counsel and one from an attorney with the DOJ's Tax Division, stating that the proper authorizations were given prior to filing of the counterclaims. And the magistrate judge recommended granting summary judgment to the United States on this issue because there was "no evidence from which a reasonable jury could find that the United States has not satisfied the specific authorization required to proceed with its civil tax enforcement action." R., Vol. 2 at 715.

Lunnon objected, arguing again that he had advanced a factual attack on the § 7401 allegation and that reliance on the government's declarations was improper because they were not presented until the government's reply brief. He also complained that the government's declarations were insufficient to show authorization was given because they lacked any supporting documentation and, at best, raised a disputed fact issue requiring a hearing or trial. He added that the magistrate judge failed to meaningfully consider a document he submitted with his response to the motion for summary judgment—an internal IRS memorandum from 2015 that Lyons authored. In that memorandum, Lyons requested approval to pursue a civil injunction against Lunnon and Kendrick, and the document is accompanied by two forms titled "Civil Suit Recommendation" ("Form 4477s"). Aplt. Suppl. R., Vol. 2 at 6–25. Lunnon argued that the memorandum showed how authorization is

obtained, that it was the only document bearing on authorization, and that the fact it was unsigned showed no authorization was made.

The district court overruled Lunnon's objection and adopted the recommendation. The court concluded that the attack was a facial one and failed as such, but that it was proper to consider the government's declarations because they were submitted in reply to an argument Lunnon raised in both his Rule 12(h)(3) motion and his response to the summary judgment motion. The district court adopted the magistrate judge's recommendation that it grant summary judgment in favor of the government, finding that the internal memorandum and Form 4477s were irrelevant and that "the United States had provided the necessary proof of its authority in compliance with 26 U.S.C. § 7401." R., Vol. 2 at 792.

On appeal, Lunnon repeats the same arguments he made in the district court and tries to segregate the parties' responses and replies to his motion to dismiss and to the government's summary judgment motion, which were decided in the same recommendation and order. *See* Aplt. Reply Br. at 18 (arguing that the district court should have dismissed the counterclaims because "the government failed to produce even a shred of evidence of authorization *within the dismissal motion proceeding*" (emphasis added)). He also asserts that neither of the government's declarants were disclosed as possible witnesses under Fed. R. Civ. P. 26(a) and he had an inadequate opportunity to address them.

We may assume, without deciding, that § 7401 authorization is jurisdictional and that Lunnon's attack was a factual one. But because Lunnon argued in his

Rule 12(h)(3) reply brief for consideration of documents he supplied in connection with opposing the motion for summary judgment, we reject his attempt to segregate materials submitted in the summary judgment briefing from materials submitted in the Rule 12(h)(3) briefing.  So doing, we affirm the grant of summary judgment on the § 7401 issue because the government's declarations demonstrate that it had the requisite authorization, and the internal memorandum and the Form 4477s do not call that authorization into question.  As the district court observed, it appears the Form 4477s (and, by extension, the memorandum they were attached to) concern some other potential civil action against Lunnon; the Form 4477s refer to a possible suit for a civil injunction, not for collection of unpaid taxes, which was the only relief the United States sought in its counterclaims.  And there is nothing to explain whether the memorandum was ever submitted for approval, so the fact it or the attached forms are unsigned is not dispositive of whether § 7401 authorization was given.  Finally, we agree with the government that Lunnon waived any Rule 26(a) challenge to use of the government's declarations because he never presented the argument in the district court.

## 2.  Lunnon's new § 6213(a) jurisdictional argument

Lunnon mounts a new, nominally jurisdictional argument on appeal based on § 6213(a)'s requirement that a notice of deficiency must be sent to a taxpayer before

commencement of a judicial proceeding to collect an assessed tax.[5]  He notes that

"[a]t least one court," *United States v. Ball*, 326 F.2d 898, 902–03 (4th Cir. 1964),

"has held [§ 6213(a)'s notice requirement] to be jurisdictional."  Aplt. Opening Br.

at 35.  He concludes that because the United States never pled in its counterclaims

that notices of deficiency were sent for any of the tax years at issue, the

counterclaims were jurisdictionally barred.

We may assume, without deciding, that § 6213(a)'s notice requirement is

jurisdictional.  Accordingly, Lunnon's failure to properly present this argument to the

district court is no bar to our review.[6]  *See Tompkins*, 16 F.4th at 735 n.1 (discussing

"our duty to consider unargued obstacles to subject matter jurisdiction" (brackets and

emphasis omitted)).  But Lunnon points to no authority suggesting that to invoke a

district court's jurisdiction, the government must plead compliance with § 6213(a).

Further, as a general rule, public officers are entitled to "the presumption of official

regularity," which is that "'in the absence of clear evidence to the contrary, courts

---

[5] In relevant part, § 6213(a) provides that

> no assessment of a deficiency in respect of any tax imposed by subtitle A [income taxes], or B [estate and gift taxes], chapter 41, 42, 43, or 44 [miscellaneous excise taxes under subtitle D] and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice [of deficiency described in 26 U.S.C. § 6212] has been mailed to the taxpayer.

[6] The district court declined to address a similar argument (that § 6213(a) presumptively barred the counterclaims) because Lunnon did not sufficiently raise it until his objections to the Rule 12(h)(3) portion of the recommendation.

22

presume that [public officers] have properly discharged their official duties.'"
*United States v. Ahrens*, 530 F.2d 781, 785 (8th Cir. 1976) (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926)). Applying the presumption here, Lunnon has provided no "clear evidence" that the notices of deficiency were not sent, which might call jurisdiction into question. He has only an assertion that the failure to plead that they were sent deprived the district court of jurisdiction. We therefore reject his argument.

### 3. Grant of summary judgment on counterclaims

Lunnon raises three arguments regarding the grant of summary judgment to the United States on its counterclaims. We address them in order.

#### a. Constructive amendment

In district court, Lunnon argued the summary judgment motion was an improper constructive amendment of the counterclaims because the counterclaim alleged only that "assessments [were] made (without any explanation for the amounts)" and "demand [was] being made for payment," Aplt. Suppl. R., Vol. 1 at 389, but the summary judgment motion "present[ed] issues that go *far beyond* those presented in the counterclaim," *id.* at 390. In his recommendation, the magistrate judge rejected this argument. He explained that in the counterclaims, the United States pled that Lunnon had been assessed income taxes, penalties, interest, and statutory additions for tax years 2006 through 2018 and trust fund recovery penalties for Kendrick's unpaid employment taxes for 2010. And in its summary judgment motion, the United States did "nothing more than support its factual

position as to these allegations as provided for in Rule 56." R., Vol. 2 at 716. Over Lunnon's objections, the district court agreed with the magistrate judge.

On appeal, Lunnon reiterates his position, but the only fault he attributes to the district court is that the court cited "no authority." *See* Aplt. Opening Br. at 42–43. His position is meritless because the counterclaims set forth "a short and plain statement of the claim[s] showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and the summary judgment motion merely provided the necessary support. We therefore reject Lunnon's argument for substantially the same reasons the magistrate judge and district court provided. *See* R., Vol. 2 at 715–17, 800–01.

### b. Compliance with statutory conditions precedent

Lunnon argues the district court erred in rejecting his arguments that the government's motion for summary judgment on the counterclaims failed to show (1) all the necessary elements for imposition of the § 6672 penalties, including 26 U.S.C. § 6751(b)'s approval requirement; and (2) any evidence supporting the income tax penalties, as required by 26 U.S.C. § 7491(c).[7] He raised these arguments

---

[7] Section 6672(a) provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total

as pleading deficiencies in his Rule 12(c) motion, but he incorporated his Rule 12(c) motion into his opposition to the motion for summary judgment and, rather succinctly, advanced these same arguments.

The magistrate judge addressed and rejected these arguments as they related to both Lunnon's Rule 12(c) motion and the government's summary judgment motion. *See* R., Vol. 2 at 698–701 (Rule 12(c) motion); *id.* at 709, 718–20 (summary judgment motion). But in his objections to the recommendation, Lunnon raised these issues only as relevant to his Rule 12(c) motion. *See id.* at 738–39. Perhaps not unsurprisingly then, the district court considered these objections only in connection with adopting the magistrate judge's recommendation that Lunnon's motion to dismiss be denied. *See id.* at 793–94, 799. Thus, the firm waiver rule applies, and the interests of justice do not require overlooking the waiver because the magistrate judge's analysis is sound.

---

amount of the tax evaded, or not collected, or not accounted for and paid over.

Section 6751(b)(1) provides: "No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate."

Section 7491(c) provides: "Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title."

### c.  Bankruptcy discharge

Lunnon argues the district court ignored that the penalty assessments for tax years 2006–09 occurred in 2014, more than three years before Lunnon filed for bankruptcy, so they were considered discharged under *Wilson v. United States (In re Wilson)*, 407 B.R. 405, 410 (B.A.P. 10th Cir. 2009).  The magistrate judge rejected this argument, and Lunnon did not challenge the ruling in his objections.  Thus, the firm waiver rule applies, and the interests of justice do not require overlooking the waiver because this argument is wholly without merit for the reasons the magistrate judge provided.  *See* R., Vol. 2 at 722–23 (recommendation discussing record evidence showing abatements of penalties for the 2006 through 2009 tax years resulting from the discharge).  Therefore, there is no merit to Lunnon's contention that the United States' "abatement claim is simply unsupported by the record," Aplt. Reply Br. at 23.  Moreover, his attempt to show no abatement occurred because the counterclaim alleged a lesser amount of income tax and penalties owed than did the summary judgment motion on the counterclaims, *see id.*, is insufficiently developed to merit this court's review.  *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) (explaining that "arguments that are inadequately presented in an opening brief" are waived (internal quotation marks omitted)).

### III.  Conclusion

We vacate the grant of summary judgment to the United States on the § 6213(a) claim and remand to the district court with instructions to dismiss the

§ 6213(a) claim without prejudice for lack of jurisdiction based on sovereign

immunity.  We otherwise affirm the district court's judgment.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge